**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| CONTINUOUS COMPOSITES, INC., a Delaware corporation, | )<br>) C.A. No.<br>) |
| Plaintiff, | )<br>)<br>) **JURY TRIAL DEMANDED** |
| vs. | )<br>) |
| MARKFORGED, INC., a Delaware corporation, | )<br>) |
| Defendant. | ) |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff CONTINUOUS COMPOSITES, INC. ("Continuous Composites" or "Plaintiff") brings this action for patent infringement against Defendant, MARKFORGED, INC. ("Markforged" or "Defendant"), on information and belief, and alleges as follows:

**NATURE OF THE CASE**

1. This is an action for patent infringement. Plaintiff Continuous Composites develops continuous fiber additive manufacturing (also called "3D printing") technology that uses a continuous fiber and matrix in the printing process. Continuous Composites has been and continues to be a pioneer in developing continuous fiber 3D printing (CF3D®) with high-performance materials and was the earliest developer of CF3D. It has been awarded numerous patents for its innovative technology, including the patents at issue in this action.

2. Defendant makes, uses, sells, and offers to sell continuous fiber composite 3D printers that infringe Continuous Composites's patented inventions without Continuous Composites's permission and without compensating Continuous Composites for the use of Continuous Composites's patented innovations. The patents at issue in this action claim priority back to 2012, predating both Defendant's founding and the release of Defendant's first commercially available continuous fiber composite 3D printer several years later.

1

3. This lawsuit is brought by Continuous Composites to end Defendant's unauthorized and infringing activities including, making, using, selling, offering to sell, and/or importing into the United States products and/or components that incorporate Continuous Composites's patented inventions, or inducing others to do so, without Continuous Composites's permission and without compensating Continuous Composites; and to recover damages adequate to compensate Continuous Composites for Defendant's unlawful and infringing actions.

## THE PARTIES

4. Continuous Composites is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 215 E. Lakeside Ave., Coeur d'Alene, ID 83814.

5. On information and belief, Markforged is a Delaware corporation organized under the laws of the state of Delaware, with its principal place of business at 85 School Street, Watertown, MA 02472.

## JURISDICTION AND VENUE

6. This civil action for patent infringement arises under the patent laws of the United States, 35 U.S.C. § 100 et seq., including pursuant to 35 U.S.C. § 271. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has personal jurisdiction over Markforged. On information and belief, Markforged has systematic and continuous contact with this forum at least because it is a Delaware corporation, conducts business in this judicial district, and resides in Delaware.

8. Venue is proper in this Court under 28 U.S.C. § 1400(b) because Markforged is a Delaware corporation and, therefore, resides in this district.

## BACKGROUND

9. Continuous Composites is the owner of the patents at issue in this action: U.S. Patent Nos. 9,511,543 (the "'543 Patent"); 9,987,798 (the "'798 Patent"); 10,744,708 (the "'708 Patent"), and 10,759,109 (the "'109 Patent") (collectively, the "Asserted Patents").

10. On December 6, 2016, the United States Patent and Trademark Office duly and legally issued the '543 Patent entitled "Method and Apparatus for Continuous Composite Three-Dimensional Printing." A copy of the '543 Patent is attached as Exhibit 1.

11. Continuous Composites owns all substantial right, title, and interest in the '543 Patent, and holds the right to sue and recover damages for infringement thereof, including past infringement.

12. The claims of the '543 Patent are valid and enforceable.

13. On June 5, 2018, the United States Patent and Trademark Office duly and legally issued the '798 Patent, entitled "Method and Apparatus for Continuous Composite Three-Dimensional Printing." A copy of the '798 Patent is attached as Exhibit 2.

14. Continuous Composites owns all substantial right, title, and interest in the '798 Patent, and holds the right to sue and recover damages for infringement thereof, including past infringement.

15. The claims of the '798 Patent are valid and enforceable.

16. On August 18, 2020, the United States Patent and Trademark Office duly and legally issued the '708 Patent, entitled "Method and Apparatus for Continuous Composite Three-Dimensional Printing." A copy of the '708 Patent is attached as Exhibit 3.

17. Continuous Composites owns all substantial right, title, and interest in the '708 Patent, and holds the right to sue and recover damages for infringement thereof, including past infringement.

18. The claims of the '708 Patent are valid and enforceable.

19. On September 1, 2020, the United States Patent and Trademark Office duly and legally issued the '109 Patent, entitled "Method and Apparatus for Continuous Composite Three-Dimensional Printing." A copy of the '109 Patent is attached as Exhibit 4.

20. Continuous Composites owns all substantial right, title, and interest in the '109 Patent, and holds the right to sue and recover damages for infringement thereof, including past infringement.

21. The claims of the '109 Patent are valid and enforceable.

22. Defendant competes with Continuous Composites in the continuous fiber 3D printing industry.

23. Markforged manufactures, markets, sells, and uses several 3D printers that use a 3D printing technique Defendant refers to as a Continuous Fiber Reinforcement (CFR) process (the "Accused Products"). The Accused Products extrude a matrix (e.g., Onyx™, Onyx FR™, Onyx FSD™, nylon) in liquid form together with a continuous fiber reinforcement (carbon fiber, Kevlar®, HSHT fiberglass, fiberglass) to "3D print" or generate objects, such as industrial parts or rapid prototypes. Examples of the Accused Products include Defendant's Mark Two, Onyx Pro, X5, and X7 printers. The Accused Products are Defendant's flagship products and, on information and belief, are the primary contributors to Defendant's historical revenue.

24. On information and belief, Defendant instructs users of the Accused Products to operate the Accused Products to generate objects using the CFR process. For example, Defendant's website advertises a "Markforged University" (*e.g.*, at https://markforged.com/markforged-university) which Defendant describes as a "comprehensive additive training program for modern manufacturing" and where visitors can "Get Certified" for using the Accused Products. On information and belief, the Markforged University provides

instruction to those seeking certification how to use the Accused Products to generate objects using the CFR process. In addition, on information and belief, Defendant provides user and service manuals providing instructions on how to operate the Accused Products to generate parts or objects using the CFR process.

25. On information and belief, third parties including manufacturers, engineers, and other customers of Defendant have used and continue to use the Accused Products as directed by Defendant. For example, Defendant's website (e.g., at https://markforged.com/industries/) indicates that leaders in the aerospace, automotive, consumer packaged goods, education and research, electronics manufacturing, energy, federal and defense, industrial equipment, medical, and product development industries use Defendant's products, which include the Accused Products.

26. On information and belief, critical components of the Accused Products, including at least the fiber extruder, and including the clutched drive roller of the extruder, as well as the angled fan and the heater inside the print head have substantially no other use other than to generate parts or objects using the CFR process.

27. Markforged has been on notice of the Asserted Patents since at least July 1, 2021 ("the Notice Date") when Continuous Composites sent notice to Markforged of its infringement of the Asserted Patents through it making, using, selling, offering to sell, and/or importing of the Accused Products, or its acts in inducing others to do so. The July 1, 2021 notice included claim charts detailing Markforged's infringement of the four Asserted Patents.

28. In June 2018, Continuous Composites's Director of Intellectual Property, Ryan Stockett, was invited to and attended Markforged's anniversary party in Boston, MA. Mr. Stockett spoke with Mr. Gregory Mark, Mr. David Benhaim and other executives, VPs and engineers of Markforged about Continuous Composites's patented and propriety technology.

Since then, Continuous Composites has attempted to engage in a business discussion with Markforged about licensing Continuous Composites's patents only to be dismissed or ignored by Markforged. Accordingly, even before the Notice Date, Markforged had actual knowledge of Continuous Composites's patents, including the four patents asserted in this Action, and of Markforged's infringement of those patents, or at minimum Markforged willfully blinded itself to the existence of Continuous Composites's patents and Markforged's infringement.

## COUNT I

### DEFENDANT'S INFRINGEMENT OF U.S. PAT. NO. 9,511,543

29. Continuous Composites incorporates by reference and realleges the foregoing paragraphs as if fully set forth herein.

30. On information and belief, Defendant has directly infringed and continues to directly infringe each and every element of at least claims 17, 20, 21, 24, 25, and 27 of the '543 Patent under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, by, using in the United States without authority the Accused Products that perform the CFR process. A claim chart detailing examples of Defendant's infringement is attached as Exhibit 5.

31. Defendant has indirectly infringed, and continues to indirectly infringe, the '543 Patent under 35 U.S.C. § 271(b) by actively, knowingly, and intentionally inducing infringement by others, such as end-users or customers of the Accused Products, with knowledge of the '543 Patent and with knowledge that others (including Defendant's customers and end users) will use the Accused Products to 3D print objects using the CFR process in a manner that directly infringes, either literally and/or under the doctrine of equivalents, one or more claims of the '543 Patent. Defendant had and has the specific intent to encourage the acts of direct infringement by teaching (including Defendant's customers and end users) to use the Accused Products in a manner that Defendant knew and knows infringes the '543 Patent, by, for example, instructing

those end-users or customers how to generate parts or objects using the CFR process through the Markforged University, user and service manuals, and/or YouTube videos (*e.g.*, those available at https://www.youtube.com/channel/UCg90L1Q_pjC4faYedwVAyRw).

32. Defendant contributes to direct infringement of the '543 Patent by others (including its customers and end users) under 35 U.S.C. § 271(c), including by providing discrete, material components of the Accused Products to its customers for installation or replacement. Components of the Accused Products provided by Defendant to others include at least the fiber extruder and the print head. Said components have been especially made or especially adapted by Defendant for use in infringement of the '543 Patent, and are not suitable for any substantial non-infringing use as their purpose is using the CFR process to manufacture parts or objects using continuous fiber materials.

33. Defendant received actual notice of its infringement of the '543 Patent at least as early as the Notice Date and have continued to make, use, sell, offer to sell and/or import the Accused Products, and/or induce others to do so, and/or contribute to infringement by others. Even before the Notice Date, Defendant had actual knowledge of the '543 Patent or at minimum willfully blinded itself to the existence of the '543 Patent and Defendant's infringement.

34. Continuous Composites has suffered, and continues to suffer, damages as a result of Defendant's infringement of the '543 Patent. The extent of damage suffered by Continuous Composites and caused by Defendant is not yet known, but the damage is substantial and will be determined at trial.

35. In addition, Continuous Composites and Defendant are direct competitors in an emerging market where technology is a key differentiator. On information and belief, Markforged will continue its infringing activities damaging Continuous Composites unless and until enjoined

by this Court. Due to Defendant's infringement, Continuous Composites has suffered, is suffering, and will continue to suffer irreparable injury for which Continuous Composites has no adequate remedy at law, including but not limited to customer confusion, harm to reputation, and loss of goodwill. Continuous Composites is therefore entitled to a preliminary and permanent injunction against Defendant's further infringement.

36. Defendant's infringement of the '543 Patent after learning that Continuous Composites developed and patented CF3D technology has been, and continues to be, willful, deliberate, and in disregard of Continuous Composites patent rights. Defendant's intentional, knowing, and willful infringement entitles Continuous Composites to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT II

## DEFENDANT'S INFRINGEMENT OF U.S. PAT. NO. 9,987,798

37. Continuous Composites incorporates by reference and realleges the foregoing paragraphs as if fully set forth herein.

38. On information and belief, Defendant has directly infringed and continues to directly infringe each and every element of at least claims 1, 13, 14, and 18 of the '798 Patent under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, by using in the United States without authority the Accused Products that perform the CFR process. A claim chart detailing examples of Defendant's infringement is attached as Exhibit 6.

39. Defendant has indirectly infringed, and continues to indirectly infringe, the '798 Patent under 35 U.S.C. § 271(b) by actively, knowingly, and intentionally inducing infringement by others, such as end-users or customers of the Accused Products, with knowledge of the '798 Patent and with knowledge that others (including Defendant's customers and end users) will use

the Accused Products to 3D print objects using the CFR process in a manner that directly infringes, either literally and/or under the doctrine of equivalents, one or more claims of the '798 Patent. Defendant had and has the specific intent to encourage the acts of direct infringement by teaching (including Defendant's customers and end users) to use the Accused Products in a manner that Defendant knew and knows infringes the '798 Patent, by, for example, instructing those end-users or customers how to generate parts or objects using the CFR process through the Markforged University, user and service manuals, and/or YouTube videos (e.g., those available at https://www.youtube.com/channel/UCg90L1Q_pjC4faYedwVAyRw).

40. Defendant contributes to direct infringement of the '798 Patent by others (including its customers and end users), including by providing discrete, material components of the Accused Products to its customers for installation or replacement. Components of the Accused Products provided by Defendant to others include at least the fiber extruder and the print head. Said components have been especially made or especially adapted by Defendant for use in infringement of the '798 Patent, and are not suitable for any substantial non-infringing use as their sole purpose is using the CFR process to manufacture parts or objects using continuous fiber materials.

41. Defendant received actual notice of its infringement of the '798 Patent at least as early as the Notice Date and have continued to make, use, sell, offer to sell and/or import the Accused Products, and/or induce others to do so, and/or contribute to infringement by others. Even before the Notice Date, Defendant had actual knowledge of the '798 Patent or at minimum willfully blinded itself to the existence of the '798 Patent and Defendant's infringement.

42. Continuous Composites has suffered, and continues to suffer, damages as a result of Defendant's infringement of the '798 Patent. The extent of damage suffered by Continuous

Composites and caused by Defendant is not yet known, but the damage is substantial and will be determined at trial.

43. In addition, Continuous Composites and Defendant are direct competitors in an emerging market where technology is a key differentiator. On information and belief, Markforged will continue its infringing activities damaging Continuous Composites unless and until enjoined by this Court. Due to Defendant's infringement, Continuous Composites has suffered, is suffering, and will continue to suffer irreparable injury for which Continuous Composites has no adequate remedy at law, including but not limited to customer confusion, harm to reputation, and loss of goodwill. Continuous Composites is therefore entitled to a preliminary and permanent injunction against Defendant's further infringement.

44. Defendant's further infringement of the '798 Patent after learning that Continuous Composites developed and patented CF3D technology has been, and continues to be, willful, deliberate, and in disregard of Continuous Composites patent rights. Defendant's intentional, knowing, and willful infringement entitles Continuous Composites to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT III

### DEFENDANT'S INFRINGEMENT OF U.S. PAT. NO. 10,744,708

45. Continuous Composites incorporates by reference and realleges the foregoing paragraphs as if fully set forth herein.

46. On information and belief, Defendant has directly infringed and continues to directly infringe each and every element of at least claims 1, 5, 9, and 21 of the '708 Patent under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, by using in the United

States without authority the Accused Products that perform the CFR process. A claim chart detailing examples of Defendant's infringement is attached as Exhibit 7.

47. Defendant has indirectly infringed, and continues to indirectly infringe, the '708 Patent under 35 U.S.C. § 271(b) by actively, knowingly, and intentionally inducing infringement by others, such as end-users or customers of the Accused Products, with knowledge of the '708 Patent and with knowledge that others (including Defendant's customers and end users) will use the Accused Products to 3D print objects using the CFR process in a manner that directly infringes, either literally and/or under the doctrine of equivalents, one or more claims of the '708 Patent. Defendant had and has the specific intent to encourage the acts of direct infringement by teaching (including Defendant's customers and end users) to use the Accused Products in a manner that Defendant knew and knows infringes the '708 Patent, by, for example, instructing those end-users or customers how to generate parts or objects using the CFR process through the Markforged University, user and service manuals, and/or YouTube videos (e.g., those available at https://www.youtube.com/channel/UCg90L1Q_pjC4faYedwVAyRw).

48. Defendant contributes to direct infringement of the '708 Patent by others (including its customers and end users), including by providing discrete, material components of the Accused Products to its customers for installation or replacement. Components of the Accused Products provided by Defendant to others include at least the fiber extruder and the fiber print head. Said components have been especially made or especially adapted by Defendant for use in infringement of the '708 Patent, and are not suitable for any substantial non-infringing use as their sole purpose is using the CFR process to manufacture parts or objects using continuous fiber materials.

49.     Defendant received actual notice of its infringement of the '708 Patent at least as early as the Notice Date and have continued to make, use, sell, offer to sell and/or import the Accused Products, and/or induce others to do so, and/or contribute to infringement by others. Even before the Notice Date, Defendant had actual knowledge of the '708 Patent or at minimum willfully blinded itself to the existence of the '708 Patent and Defendant's infringement.

50.     Continuous Composites has suffered, and continues to suffer, damages as a result of Defendant's infringement of the '708 Patent. The extent of damage suffered by Continuous Composites and caused by Defendant is not yet known, but the damage is substantial and will be determined at trial.

51.     In addition, Continuous Composites and Defendant are direct competitors in an emerging market where technology is a key differentiator. On information and belief, Markforged will continue its infringing activities damaging Continuous Composites unless and until enjoined by this Court.  Due to Defendant's infringement, Continuous Composites has suffered, is suffering, and will continue to suffer irreparable injury for which Continuous Composites has no adequate remedy at law, including but not limited to customer confusion, harm to reputation, and loss of goodwill.  Continuous Composites is therefore entitled to a preliminary and permanent injunction against Defendant's further infringement.

52.     Defendant's further infringement of the '708 Patent after learning that Continuous Composites developed and patented CF3D technology has been, and continues to be, willful, deliberate, and in disregard of Continuous Composites's patent rights. Defendant's intentional, knowing, and willful infringement entitles Continuous Composites to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT IV

## DEFENDANT'S INFRINGEMENT OF U.S. PAT. NO. 10,759,109

53. Continuous Composites incorporates by reference and realleges the foregoing paragraphs as if fully set forth herein.

54. On information and belief, Defendant has directly infringed and continues to directly infringe each and every element of at least claims 1, 3, 4, 7, and 8 of the '109 Patent under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States without authority the Accused Products that perform the CFR process. A claim chart detailing examples of Defendant's infringement is attached as Exhibit 8.

55. Defendant has indirectly infringed, and continues to indirectly infringe, the '109 Patent under 35 U.S.C. § 271(b) by actively, knowingly, and intentionally inducing infringement by others, such as end-users or customers of the Accused Products, with knowledge of the '109 Patent and with knowledge that others (including Defendant's customers and end users) will use the Accused Products to 3D print objects using the CFR process in a manner that directly infringes, either literally and/or under the doctrine of equivalents, one or more claims of the '109 Patent. Defendant had and has the specific intent to encourage the acts of direct infringement by teaching (including Defendant's customers and end users) to use the Accused Products in a manner that Defendant knew and knows infringes the '109 Patent, by, for example, instructing those end-users or customers how to generate parts or objects using the CFR process through the Markforged University, user and service manuals, and/or YouTube videos (e.g., those available at https://www.youtube.com/channel/UCg90L1Q_pjC4faYedwVAyRw).

56. Defendant contributes to direct infringement of the '109 Patent by others (including its customers and end users), including by providing discrete, material components of the Accused Products to its customers for installation or replacement. Components of the Accused Products provided by Defendant to others include at least the fiber extruder and the fiber print head. Said components have been especially made or especially adapted by Defendant for use in infringement of the '109 Patent, and are not suitable for any substantial non-infringing use as their sole purpose is using the CFR process to manufacture parts or objects using continuous fiber materials.

57. Defendant received actual notice of its infringement of the '109 Patent at least as early as the Notice Date and have continued to make, use, sell, offer to sell and/or import the Accused Products, and/or induce others to do so, and/or contribute to infringement by others. Even before the Notice Date, Defendant had actual knowledge of the '109 Patent or at minimum willfully blinded itself to the existence of the '109 Patent and Defendant's infringement.

58. Continuous Composites has suffered, and continues to suffer, damages as a result of Defendant's infringement of the '109 Patent. The extent of damage suffered by Continuous Composites and caused by Defendant is not yet known, but the damage is substantial and will be determined at trial.

59. Continuous Composites provided actual notice of infringement at least as early as July 1, 2021, in compliance with 35 U.S.C. § 287.

60. In addition, Continuous Composites and Defendant are direct competitors in an emerging market where technology is a key differentiator. On information and belief, Markforged will continue its infringing activities damaging Continuous Composites unless and until enjoined by this Court. Due to Defendant's infringement, Continuous Composites has suffered, is suffering, and will continue to suffer irreparable injury for which Continuous Composites has no

adequate remedy at law, including but not limited to customer confusion, harm to reputation, and loss of goodwill.  Continuous Composites is therefore entitled to a preliminary and permanent injunction against Defendant's further infringement

61.    Defendant's further infringement of the '109 Patent after learning that Continuous Composites developed and patented CF3D technology has been, and continues to be, willful, deliberate, and in disregard of Continuous Composites's patent rights. Defendant's intentional, knowing, and willful infringement entitles Continuous Composites to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## JURY DEMAND

Under Federal Rule of Civil Procedure 38(b), Continuous Composites demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

Continuous Composites respectfully prays for relief as follows:

A.    a judgment that Defendant has infringed and continue to infringe one or more claims of the Asserted Patents;

B.    a judgment that Defendant has willfully infringed one or more claims of the Asserted Patents;

C.    a preliminary and permanent injunction issued against Defendant and its agents, officers, directors, employees, attorneys, successors, and assigns, all parent and subsidiary entities, and all those acting for or on the behalf of Defendant, or in active concert, participation, or combination with them, including customers and distributors, prohibiting Defendant from:

a.    continuing acts of infringement of the Asserted Patents,

   b.  making, using, selling, and/or importing infringing products, to include any colorable imitation thereof, and

   c.  otherwise infringing the Asserted Patents;

D. judgment awarding Plaintiff all damages adequate to compensate for Defendant's infringement, and in no event less than a reasonable royalty for Defendant's infringement, including all pre-judgment and post-judgment interest at the maximum rate allowed by law;

E. a judgment awarding Plaintiff treble damages pursuant to 35 U.S.C. § 284 as a result of Defendant's willful conduct;

F. a judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding Plaintiff its reasonable Attorneys' Fees and Taxable Costs incurred in connection with this action, pursuant to 35 U.S.C. § 285; and

G. for such additional and further relief in law and equity, as the Court may deem just and proper.

|  |  |
|---|---|
| Of Counsel:<br><br>William B. Dyer III<br>Andrew G. Strickland<br>Lee & Hayes<br>75 14th Street NE, Suite 2500<br>Atlanta, GA 30309<br>(404) 815-1900<br>bill.dyer@leehayes.com<br>andrew.strickland@leehayes.com | /s/ Kelly E. Farnan<br>Kelly E. Farnan (#4395)<br>Valerie A. Caras (#6608)<br>Richards, Layton & Finger, P.A.<br>One Rodney Square<br>920 N. King Street<br>Wilmington, DE 19801<br>(302) 651-7700<br>farnan@rlf.com<br>caras@rlf.com<br><br>*Attorneys for Plaintiff*<br> *Continuous Composites, Inc.* |

Robert S. Shwarts
Orrick, Herrington & Sutcliffe LLP
405 Howard Street
San Francisco, CA 91105
(415) 773-5700
rshwarts@orrick.com

T. Vann Pearce, Jr.
Christopher Higgins
Orrick, Herrington & Sutcliffe LLP
1152 15th Street, N.W.
Washington, D.C. 20005-1706
(202) 339-8400
vpearce@orrick.com

Dated:  July 7, 2021