**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| CONTINUOUS COMPOSITES, INC., a Delaware corporation, | ) ) | C.A. No. 21-998 (MN) |
| | ) | |
| Plaintiff, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| vs. | ) | |
| | ) | |
| MARKFORGED, INC., a Delaware corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff CONTINUOUS COMPOSITES, INC. ("Continuous Composites" or "Plaintiff")

brings this action for patent infringement against Defendant, MARKFORGED, INC.

("Markforged" or "Defendant"), on information and belief, and alleges as follows:

## NATURE OF THE CASE

1.      This is an action for patent infringement. Plaintiff Continuous Composites

develops continuous fiber additive manufacturing (also called "3D printing") technology that

uses a continuous fiber and matrix in the printing process. Continuous Composites has been and

continues to be a pioneer in developing continuous fiber 3D printing (CF3D®) with high-

performance materials and was the earliest developer of CF3D. It has been awarded numerous

patents for its innovative technology, including the patents at issue in this action.

2.      Defendant makes, uses, sells, and offers to sell continuous fiber composite 3D

printers that infringe Continuous Composites's patented inventions without Continuous

Composites's permission and without compensating Continuous Composites for the use of

Continuous Composites's patented innovations.  The patents at issue in this action claim priority

back to 2012, predating both Defendant's founding and the release of Defendant's first

commercially available continuous fiber composite 3D printer several years later.

1

3.      This lawsuit is brought by Continuous Composites to end Defendant's unauthorized and infringing activities including, making, using, selling, offering to sell, and/or importing into the United States products and/or components that incorporate Continuous Composites's patented inventions, or inducing others to do so, without Continuous Composites's permission and without compensating Continuous Composites; and to recover damages adequate to compensate Continuous Composites for Defendant's unlawful and infringing actions.

## THE PARTIES

4.      Continuous Composites is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 215 E. Lakeside Ave., Coeur d'Alene, ID 83814.

5.      On information and belief, Markforged is a Delaware corporation organized under the laws of the state of Delaware, with its principal place of business at 85 School Street, Watertown, MA 02472.

## JURISDICTION AND VENUE

6.      This civil action for patent infringement arises under the patent laws of the United States, 35 U.S.C. § 100 et seq., including pursuant to 35 U.S.C. § 271. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7.      This Court has personal jurisdiction over Markforged. On information and belief, Markforged has systematic and continuous contact with this forum at least because it is a Delaware corporation, conducts business in this judicial district, and resides in Delaware.

8.      Venue is proper in this Court under 28 U.S.C. § 1400(b) because Markforged is a Delaware corporation and, therefore, resides in this district.

## BACKGROUND

9.      Continuous Composites is the owner of the patents at issue in this action: U.S. Patent Nos. 9,511,543 (the "'543 Patent"); 9,987,798 (the "'798 Patent"); 10,744,708 (the "'708 Patent"), 10,759,109 (the "'109 Patent"); and 11,173,660 (the "'660 Patent") (collectively, the "Asserted Patents").

10.     On December 6, 2016, the United States Patent and Trademark Office duly and legally issued the '543 Patent entitled "Method and Apparatus for Continuous Composite Three-Dimensional Printing." A copy of the '543 Patent is attached as Exhibit 1.

11.     Continuous Composites owns all substantial right, title, and interest in the '543 Patent, and holds the right to sue and recover damages for infringement thereof, including past infringement.

12.     The claims of the '543 Patent are valid and enforceable.

13.     On June 5, 2018, the United States Patent and Trademark Office duly and legally issued the '798 Patent, entitled "Method and Apparatus for Continuous Composite Three-Dimensional Printing." A copy of the '798 Patent is attached as Exhibit 2.

14.     Continuous Composites owns all substantial right, title, and interest in the '798 Patent, and holds the right to sue and recover damages for infringement thereof, including past infringement.

15.     The claims of the '798 Patent are valid and enforceable.

16.     On August 18, 2020, the United States Patent and Trademark Office duly and legally issued the '708 Patent, entitled "Method and Apparatus for Continuous Composite Three-Dimensional Printing." A copy of the '708 Patent is attached as Exhibit 3.

17.     Continuous Composites owns all substantial right, title, and interest in the '708 Patent, and holds the right to sue and recover damages for infringement thereof, including past infringement.

18.     The claims of the '708 Patent are valid and enforceable.

19.     On September 1, 2020, the United States Patent and Trademark Office duly and legally issued the '109 Patent, entitled "Method and Apparatus for Continuous Composite Three-Dimensional Printing." A copy of the '109 Patent is attached as Exhibit 4.

20.     Continuous Composites owns all substantial right, title, and interest in the '109 Patent, and holds the right to sue and recover damages for infringement thereof, including past infringement.

21.     The claims of the '109 Patent are valid and enforceable.

22.     On November 16, 2021, the United States Patent and Trademark Office duly and legally issued the '660 Patent, entitled "Method and Apparatus for Continuous Composite Three-Dimensional Printing." A copy of the '660 Patent is attached as Exhibit 5.

23.     Continuous Composites owns all substantial right, title, and interest in the '660 Patent, and holds the right to sue and recover damages for infringement thereof, including past infringement.

24.     The claims of the '660 Patent are valid and enforceable.

25.     Defendant competes with Continuous Composites in the continuous fiber 3D printing industry.

26.     Markforged manufactures, markets, sells, and uses several 3D printers that use a 3D printing technique Defendant refers to as a Continuous Fiber Reinforcement (CFR) process (the "Accused Products"). The Accused Products extrude a matrix (e.g., Onyx™, Onyx FR™, Onyx FSD™, nylon) in liquid form together with a continuous fiber reinforcement (carbon fiber,

4

Kevlar®, HSHT fiberglass, fiberglass) to "3D print" or generate objects, such as industrial parts or rapid prototypes. Examples of the Accused Products include Defendant's Mark Two, Onyx Pro, X5, X7, and FX20 printers. The Accused Products are Defendant's flagship products and, on information and belief, are the primary contributors to Defendant's historical revenue.

27.    On information and belief, Defendant instructs users of the Accused Products to operate the Accused Products to generate objects using the CFR process. For example, Defendant's website advertises a "Markforged University" (*e.g.*, at https://markforged.com/markforged-university) which Defendant describes as a "comprehensive additive training program for modern manufacturing" and where visitors can "Get Certified" for using the Accused Products. On information and belief, Defendant—through at least resources available from the Markforged University—provides instruction to those seeking certification on how to use the Accused Products to generate objects using the CFR process. In addition, on information and belief, Defendant provides user and service manuals providing instructions on how to operate the Accused Products to generate parts or objects using the CFR process.

28.    On information and belief, third parties including manufacturers, engineers, and other customers of Defendant have used and continue to use the Accused Products as directed by Defendant. For example, Defendant's website (e.g., at https://markforged.com/industries/) indicates that leaders in the aerospace, automotive, consumer packaged goods, education and research, electronics manufacturing, energy, federal and defense, industrial equipment, medical, and product development industries use Defendant's products, which include the Accused Products.

29.    On information and belief, critical components of the Accused Products, including at least the fiber extruder, and including the clutched drive roller of the extruder, as well as the

angled fan and the heater inside the print head, have substantially no other use other than to generate parts or objects using the CFR process.

30.    Markforged has been on notice of the '543, '798, '708, and '109 Patents since at least July 1, 2021. On that date, Continuous Composites sent a letter to Markforged of its infringement of the '543, '798, '708, and '109 Patents through it making, using, selling, offering to sell, and/or importing of the Accused Products (including the Mark Two, Onyx Pro, X5 and X7 printers), or its acts in inducing others to do so. The July 1, 2021 notice included claim charts detailing Markforged's infringement of the four '543, '798, '708, and '109 Patents that are identical, or substantially identical, to Exhibits 6-9.

31.    On February 11, 2022,  Continuous Composites sent a letter to Markforged notifying it of its infringement of the '660 Patent through it making, using, selling, offering to sell, and/or importing of the Accused Products, or its acts in inducing others to do so. The February 11, 2022 notice included a claim chart detailing Markforged's infringement of the '660 Patent that is identical, or substantially identical, to Exhibit 10.

32.    On July 2, 2021, counsel for Markforged sent a response to Continuous Composites's July 1, 2021 notice letter. The July 2 response stated that "based upon our current knowledge, we think that any claim of infringement is frivolous."  The July 2 response further stated that "we continue to study the issue" and that Markforged "will continue to investigate the patents you have identified and respond appropriately."  The July 2 response continued by stating that "Markforged is amenable to a meeting to discuss" Continuous Composites's allegations and that "a discussion between Markforged and Continuous Composites may be useful to better understand these issues and determine the best path forward for our respective companies." The July 2 response offered to meet after July 15, 2021.

33.     On July 5, 2021, counsel for Continuous Composites responded to Markforged's July 2 letter requesting a telephone discussion to "further discuss Continuous Composites's expectations for the parties' negotiations" and indicated that if "Markforged is unwilling to talk in that timeframe, or if that call makes clear that negotiations are unlikely to be fruitful, then Continuous Composites will initiate litigation expeditiously."

34.     On July 6, 2021, counsel for Markforged sent a response to Continuous Composites's July 5, 2021 letter stating that "there is no merit to Continuous Composites' claims."  The letter continued by stating that while Markforged "remains willing to meet" it could not "do so until on or after July 15, 2021."  The letter also stated that "[i]f Continuous Composites chooses to file a complaint prior to a meeting, Markforged will defend itself against this baseless lawsuit[.]"  The letter further attached a disclosure Markforged filed that day with the United States Securities and Exchange Commission "disclosing your letter and Markforged's view that any claims asserted in that letter are without merit."  That filing with the SEC stated that "[b]ased on Markforged's and its outside counsel's review to date of Continuous Composite's claims, Markforged believes that its Continuous Fiber Composite 3D Printers do not practice the claims of these four related patents."

35.     Accordingly, Markforged had sufficient time to meaningfully analyze the '543, '798, '708, and '109 Patents and Continuous Composites's claims of infringement before the filing of the Original Complaint.  Notwithstanding Markforged's claims that it does not infringe, however, Markforged never (and still has not) identified any basis for its purported belief that it does not infringe the Asserted Patents.  To the contrary, upon information and belief and as supported by the allegations of this Second Amended Complaint, Markforged knows (and has known since at least July 1, 2021 for the '543, '798, '708, and '109 Patents and at least February

11, 2021 for the '660 Patent, if not sooner) that it, its products, and its customers infringe the Asserted Patents.

36.    On July 7, 2021, Continuous Composites initiated the present action by filing a complaint alleging Markforged infringed the Asserted Patents (the "Original Complaint"). The Original Complaint included claim chart exhibits detailing Markforged's infringement, which are identical to Exhibits 6-9. The Original Complaint also included allegations that Markforged induced others to infringe claims of the '543, '798, '708, and '109 Patents by encouraging acts of direct infringement through teaching others—including its customers and end users—to use the Accused Products in a manner that Markforged knew and knows infringes the '543, '798, '708, and '109 Patents, by, for example, instructing those end-users or customers how to generate parts or objects using the CFR process through the Markforged University, user and service manuals, and/or YouTube videos (*e.g.*, those available at https://www.youtube.com/channel/UCg90L1Q_pjC4faYedwVAyRw). The Original Complaint also alleged Markforged contributes to the direct infringement of claims of the '543, '798, '708, and '109 Patents by others—including its customers and end users—by providing discrete, material components of the Accused Products to its customers for installation or replacement including at least the fiber extruder and the print head of the Accused Products, which are not suitable for any substantial non-infringing use.

37.    On July 7, 2021, counsel for Continuous Composites sent a letter attaching the Original Complaint and exhibits to Markforged. The July 7 letter stated that "Continuous Composites's management is willing to meet with Markforged's management on July 15th as requested in [Markforged's] July 2nd letter" and that "Continuous Composites is willing to meet at [Markforged's] Boston office."

38.     On July 9, 2021, counsel for Markforged sent a brief response to Continuous Composites's July 7, 2021 letter stating that in "light of Continuous Composites' filing of a complaint, Markforged is considering whether a meeting still makes sense. In any event, even if we were to agree to a meeting, we cannot meet on July 15th."

39.     On August 8, 2021, Continuous Composites's counsel received an email notifying it that Markforged had retained new counsel. The August 8 email—sent by new counsel—offered to "chat next week" to "get a sense of [Continuous Composites's] views of this dispute."

40.     On August 10, 2021, counsel for Markforged and counsel for Continuous Composites held a teleconference to discuss the Original Complaint, the parties' respective positions, and the potential for future discussions.

41.     On August 16, 2021, counsel for Markforged sent counsel for Continuous Composites an email stating that Markforged was not interested in meeting unless Continuous Composites dismissed the present action.

42.     Despite Markforged being on notice of its infringement since the July 1, 2021 and the July 7, 2021 filing date of the Original Complaint for the '543, '798, '708, and '109 Patents, and being on notice of its infringement since February 11, 2022 of the '660 Patent, and despite Markforged having adequate opportunity and sufficient time to meaningfully analyze the Asserted Patents and either stop its infringing behavior or discuss a resolution with Continuous Composites before the filing of this Second Amended Complaint, Markforged has not changed its infringing acts or ceased inducing or contributing to the infringement of others.

43.     From at least July 1, 2021 to the date Continuous Composites filed this Second Amended Complaint, Markforged has continued to directly infringe claims of the Asserted Patents by using, making, selling, offering to sell and/or importing the Accused Products, inducing others to infringe claims of the Asserted Patents through teaching and encouraging

others to use the Accused Products in a manner that infringes claims of the Asserted Patents (*e.g.*, through Markforged University, user or service manuals, and/or YouTube videos), and contributing to the infringement of claims of the Asserted Patents by providing discrete, material components of the Accused Products to its customers, including at least the fiber extruder and the print head of the Accused Products, that are not suitable for any substantial non-infringing use.

44.     In addition to the above notice, on information and belief, Markforged has known of Continuous Composites, its patent applications, and its technology since at least February 13, 2015. On that date, Markforged submitted an Information Disclosure Statement to the United States Patent and Trademark Office (USPTO) in pending patent application Serial No. 14/575,077 citing U.S. Pat. App. Pub. No. 2014/0061974, the pre-grant publication of the '543 Patent.

45.     Markforged has cited the pre-grant publication of the '543 Patent (*i.e.*, U.S. Pat. App. Pub. No. 2014/0061974) in no less than 31 of its other patent applications, including applications that eventually issued as U.S. Pat. Nos. 11,065,861; 11,014,305; 10,953,610; 10,953,609; 10,821,662; 10,717,228; 10,696,039; 10,682,844; 10,611,082; 10,603,841; 10,434,702; 10,259,160; 10,099,427; 10,076,876; 10,076,875; 10,040,252; 10,016,942; 9,956,725; 9,815,268; 9,694,544; 9,688,028; 9,579,851; 9,539,762; 9,370,896; 9,327,453; 9,327,452; 9,186,848; 9,186,846; 9,156,205; 9,149,988; 9,126,367.

46.     In June 2018, Continuous Composites's Director of Intellectual Property, Ryan Stockett, was invited to and attended Markforged's anniversary party in Boston, MA. Mr. Stockett spoke with Mr. Gregory Mark, Mr. David Benhaim and other executives, VPs and engineers of Markforged about Continuous Composites's patented and propriety technology.

47.    Since then, Continuous Composites has attempted to engage in a business discussion with Markforged about licensing Continuous Composites's patents only to be dismissed or ignored by Markforged.

48.    For example, on June 21, 2018, Mr. Stockett emailed Messrs. Mark and Benhaim saying that he "enjoyed discussing some of the similarities" between Continuous Composites's patented technologies and Markforged's technology. Mr. Stockett also offered to meet with Messrs. Mark and Benhaim to "talk about potential future relationships." Mr. Stockett received no response to his June 21, 2018 email.

49.    On December 16, 2018, Mr. Stockett sent another email to Messrs. Mark and Benhaim where he offered to show both around Continuous Composites's facility and "discuss potential licensing opportunities." Mr. Stockett received no response to his December 16, 2018 email.

50.    On March 5, 2021, Continuous Composites CEO Tyler Alvarado emailed Mr. Mark attempting to schedule a call to "have a brief discussion on potential collaboration." Mr. Alvarado received no response to his March 5, 2021 email.

51.    On March 8, 2021, Mr. Alvarado sent a LinkedIn message to Markforged CEO Shai Terem attempting to schedule a call to "have a brief discussion on potential collaboration." Mr. Alvarado received no response to his March 8, 2021 message.

52.    On information and belief, due to Markforged's sophistication with intellectual property and patent matters, Markforged's knowledge of the application leading to the '543 Patent and its related patents (including the Asserted Patents), Mr. Stockett's conversations with Messrs. Mark and Benhaim and other Markforged employees concerning the similarities between Continuous Composites and Markforged's technologies, Mr. Stockett's offer to discuss "potential licensing opportunities," and Mr. Alvarado requests to discuss "potential collaboration,"

Markforged would have investigated, analyzed, and conducted a preliminary analysis of Continuous Composites's patents (including the '543, '798, '708, and '109 Patents) and the claims of those patents. Markforged's statements in its July 2 and July 6 correspondence to Continuous Composites and July 6 filing with the SEC (that is, the two business days after Continuous Composites sent the Notice Letter) that it had assessed whether its products infringed the '543, '798, '708, and '109 Patents are further evidence that Markforged had conducted an analysis of these patents and their claims before July 1, 2021.

53.    Accordingly, even before July 1, 2021, Markforged had actual knowledge of Continuous Composites's patents, including at least the '543, '798, '708, and '109 Patents, and of Markforged's infringement of them. At minimum Markforged willfully blinded itself to the existence of Continuous Composites's patent claims and Markforged's infringement of them.

## COUNT I

## DEFENDANT'S INFRINGEMENT OF U.S. PAT. NO. 9,511,543

54.    Continuous Composites incorporates by reference and realleges the foregoing paragraphs as if fully set forth herein.

55.    On information and belief, Defendant has directly infringed and continues to directly infringe each and every element of at least claims 17, 20, 21, 24, 25, and 27 of the '543 Patent under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, by, using in the United States without authority the Accused Products that perform the CFR process. A claim chart detailing examples of Defendant's infringement is attached as Exhibit 6.

56.    Defendant has indirectly infringed, and continues to indirectly infringe, the '543 Patent under 35 U.S.C. § 271(b) by actively, knowingly, and intentionally inducing infringement by others, such as end-users or customers of the Accused Products, with knowledge of the '543 Patent and with knowledge that others (including Defendant's customers and end users) will use

the Accused Products to 3D print objects using the CFR process in a manner that directly infringes, either literally and/or under the doctrine of equivalents, one or more claims of the '543 Patent. Defendant had and has the specific intent to encourage the acts of direct infringement by teaching (including Defendant's customers and end users) to use the Accused Products in a manner that Defendant knew and knows infringes the '543 Patent, by, for example, instructing those end-users or customers how to generate parts or objects using the CFR process through the Markforged University, user and service manuals, and/or YouTube videos (*e.g.*, those available at https://www.youtube.com/channel/UCg90L1Q_pjC4faYedwVAyRw).

57.    Defendant contributes to direct infringement of the '543 Patent by others (including its customers and end users) under 35 U.S.C. § 271(c), including by providing discrete, material components of the Accused Products to its customers for installation or replacement. Components of the Accused Products provided by Defendant to others include at least the fiber extruder and the print head. Said components have been especially made or especially adapted by Defendant for use in infringement of the '543 Patent, and are not suitable for any substantial non-infringing use as their purpose is using the CFR process to manufacture parts or objects using continuous fiber materials.

58.    Defendant received actual notice of its infringement of the '543 Patent at least as early as July 1, 2021 and have continued to make, use, sell, offer to sell and/or import the Accused Products, and/or induce others to do so, and/or contribute to infringement by others. Even before July 1, 2021, Defendant had actual knowledge of the '543 Patent or at minimum willfully blinded itself to the existence of the '543 Patent and Defendant's infringement.

59.    For the same reasons that Defendant knows its own acts infringe the '543 Patent, Defendant also knows that its customers and end users' use likewise infringes the Asserted Patents. Defendant has been aware of the Asserted Patents and its customers and end users'

13

infringing activities since at least July 1, 2021, but certainly no later than the filing of the Original Complaint, yet Defendant still continues its own infringing activity as well as its inducement and contributory infringement by its customers and end users as of the filing date of this First Amended Complaint. On information and belief, Defendant has been aware of the '543 Patent and that the activities of its customers and end users constituted infringement, or at minimum willfully blinded itself to these facts, even before the filing of the Original Complaint, as stated above.

60.     Continuous Composites has suffered, and continues to suffer, damages as a result of Defendant's infringement of the '543 Patent. The extent of damage suffered by Continuous Composites and caused by Defendant is not yet known, but the damage is substantial and will be determined at trial.

61.     In addition, Continuous Composites and Defendant are direct competitors in an emerging market where technology is a key differentiator. On information and belief, Markforged will continue its infringing activities damaging Continuous Composites unless and until enjoined by this Court.  Indeed, Markforged has continued its infringing activities for months after it was notified of its infringement and after Continuous Composites filed the Original Complaint. Due to Defendant's infringement, Continuous Composites has suffered, is suffering, and will continue to suffer irreparable injury for which Continuous Composites has no adequate remedy at law, including but not limited to customer confusion, harm to reputation, and loss of goodwill. Continuous Composites is therefore entitled to a preliminary and permanent injunction against Defendant's further infringement.

62.     Defendant's infringement of the '543 Patent after learning that Continuous Composites developed and patented CF3D technology has been, and continues to be, willful, deliberate, and in disregard of Continuous Composites patent rights. Defendant's intentional,

knowing, and willful infringement entitles Continuous Composites to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT II

## DEFENDANT'S INFRINGEMENT OF U.S. PAT. NO. 9,987,798

63.    Continuous Composites incorporates by reference and realleges the foregoing paragraphs as if fully set forth herein.

64.    On information and belief, Defendant has directly infringed and continues to directly infringe each and every element of at least claims 1, 13, 14, and 18 of the '798 Patent under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, by using in the United States without authority the Accused Products that perform the CFR process. A claim chart detailing examples of Defendant's infringement is attached as Exhibit 7.

65.    Defendant has indirectly infringed, and continues to indirectly infringe, the '798 Patent under 35 U.S.C. § 271(b) by actively, knowingly, and intentionally inducing infringement by others, such as end-users or customers of the Accused Products, with knowledge of the '798 Patent and with knowledge that others (including Defendant's customers and end users) will use the Accused Products to 3D print objects using the CFR process in a manner that directly infringes, either literally and/or under the doctrine of equivalents, one or more claims of the '798 Patent.  Defendant had and has the specific intent to encourage the acts of direct infringement by teaching (including Defendant's customers and end users) to use the Accused Products in a manner that Defendant knew and knows infringes the '798 Patent, by, for example, instructing those end-users or customers how to generate parts or objects using the CFR process through the

Markforged University, user and service manuals, and/or YouTube videos (e.g., those available at https://www.youtube.com/channel/UCg90L1Q_pjC4faYedwVAyRw).

66.     Defendant contributes to direct infringement of the '798 Patent by others (including its customers and end users), including by providing discrete, material components of the Accused Products to its customers for installation or replacement.  Components of the Accused Products provided by Defendant to others include at least the fiber extruder and the print head.  Said components have been especially made or especially adapted by Defendant for use in infringement of the '798 Patent, and are not suitable for any substantial non-infringing use as their sole purpose is using the CFR process to manufacture parts or objects using continuous fiber materials.

67.     Defendant received actual notice of its infringement of the '798 Patent at least as early as July 1, 2021 and have continued to make, use, sell, offer to sell and/or import the Accused Products, and/or induce others to do so, and/or contribute to infringement by others.  Even before July 1, 2021, Defendant had actual knowledge of the '798 Patent or at minimum willfully blinded itself to the existence of the '798 Patent and Defendant's infringement.

68.     For the same reasons that Defendant knows its own acts infringe the '798 Patent, Defendant also knows that its customers and end users' use likewise infringes the Asserted Patents. Defendant has been aware of the Asserted Patents and its customers and end users' infringing activities since at least t July 1, 2021, but certainly no later than the filing of the Original Complaint, yet Defendant still continues its own infringing activity as well as its inducement and contributory infringement by its customers and end users as of the filing date of this First Amended Complaint. On information and belief, Defendant has been aware of the '798 Patent and that the activities of its customers and end users constituted infringement, or at

minimum willfully blinded itself to these facts, even before the filing of the Original Complaint, as stated above.

69.     Continuous Composites has suffered, and continues to suffer, damages as a result of Defendant's infringement of the '798 Patent. The extent of damage suffered by Continuous Composites and caused by Defendant is not yet known, but the damage is substantial and will be determined at trial.

70.     In addition, Continuous Composites and Defendant are direct competitors in an emerging market where technology is a key differentiator. On information and belief, Markforged will continue its infringing activities damaging Continuous Composites unless and until enjoined by this Court.  Indeed, Markforged has continued its infringing activities for months after it was notified of its infringement and after Continuous Composites filed the Original Complaint. Due to Defendant's infringement, Continuous Composites has suffered, is suffering, and will continue to suffer irreparable injury for which Continuous Composites has no adequate remedy at law, including but not limited to customer confusion, harm to reputation, and loss of goodwill. Continuous Composites is therefore entitled to a preliminary and permanent injunction against Defendant's further infringement.

71.     Defendant's further infringement of the '798 Patent after learning that Continuous Composites developed and patented CF3D technology has been, and continues to be, willful, deliberate, and in disregard of Continuous Composites patent rights. Defendant's intentional, knowing, and willful infringement entitles Continuous Composites to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT III

## DEFENDANT'S INFRINGEMENT OF U.S. PAT. NO. 10,744,708

72.     Continuous Composites incorporates by reference and realleges the foregoing paragraphs as if fully set forth herein.

73.     On information and belief, Defendant has directly infringed and continues to directly infringe each and every element of at least claims 1, 5, 9, and 21 of the '708 Patent under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, by using in the United States without authority the Accused Products that perform the CFR process. A claim chart detailing examples of Defendant's infringement is attached as Exhibit 8.

74.     Defendant has indirectly infringed, and continues to indirectly infringe, the '708 Patent under 35 U.S.C. § 271(b) by actively, knowingly, and intentionally inducing infringement by others, such as end-users or customers of the Accused Products, with knowledge of the '708 Patent and with knowledge that others (including Defendant's customers and end users) will use the Accused Products to 3D print objects using the CFR process in a manner that directly infringes, either literally and/or under the doctrine of equivalents, one or more claims of the '708 Patent.  Defendant had and has the specific intent to encourage the acts of direct infringement by teaching (including Defendant's customers and end users) to use the Accused Products in a manner that Defendant knew and knows infringes the '708 Patent, by, for example, instructing those end-users or customers how to generate parts or objects using the CFR process through the Markforged University, user and service manuals, and/or YouTube videos (e.g., those available at https://www.youtube.com/channel/UCg90L1Q_pjC4faYedwVAyRw).

75.     Defendant contributes to direct infringement of the '708 Patent by others (including its customers and end users), including by providing discrete, material components of the Accused Products to its customers for installation or replacement.  Components of the

Accused Products provided by Defendant to others include at least the fiber extruder and the fiber print head.  Said components have been especially made or especially adapted by Defendant for use in infringement of the '708 Patent, and are not suitable for any substantial non-infringing use as their sole purpose is using the CFR process to manufacture parts or objects using continuous fiber materials.

76.    Defendant received actual notice of its infringement of the '708 Patent at least as early as July 1, 2021 and have continued to make, use, sell, offer to sell and/or import the Accused Products, and/or induce others to do so, and/or contribute to infringement by others.  Even before July 1, 2021, Defendant had actual knowledge of the '708 Patent or at minimum willfully blinded itself to the existence of the '708 Patent and Defendant's infringement.

77.    For the same reasons that Defendant knows its own acts infringe the '708 Patent, Defendant also knows that its customers and end users' use likewise infringes the Asserted Patents. Defendant has been aware of the Asserted Patents and its customers and end users' infringing activities since at least July 1, 2021, but certainly no later than the filing of the Original Complaint, yet Defendant still continues its own infringing activity as well as its inducement and contributory infringement by its customers and end users as of the filing date of this First Amended Complaint. On information and belief, Defendant has been aware of the '708 Patent and that the activities of its customers and end users constituted infringement, or at minimum willfully blinded itself to these facts, even before the filing of the Original Complaint, as stated above.

78.    Continuous Composites has suffered, and continues to suffer, damages as a result of Defendant's infringement of the '708 Patent. The extent of damage suffered by Continuous Composites and caused by Defendant is not yet known, but the damage is substantial and will be determined at trial.

79.     In addition, Continuous Composites and Defendant are direct competitors in an emerging market where technology is a key differentiator. On information and belief, Markforged will continue its infringing activities damaging Continuous Composites unless and until enjoined by this Court.  Indeed, Markforged has continued its infringing activities for months after it was notified of its infringement and after Continuous Composites filed the Original Complaint. Due to Defendant's infringement, Continuous Composites has suffered, is suffering, and will continue to suffer irreparable injury for which Continuous Composites has no adequate remedy at law, including but not limited to customer confusion, harm to reputation, and loss of goodwill. Continuous Composites is therefore entitled to a preliminary and permanent injunction against Defendant's further infringement.

80.     Defendant's further infringement of the '708 Patent after learning that Continuous Composites developed and patented CF3D technology has been, and continues to be, willful, deliberate, and in disregard of Continuous Composites's patent rights. Defendant's intentional, knowing, and willful infringement entitles Continuous Composites to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT IV

## DEFENDANT'S INFRINGEMENT OF U.S. PAT. NO. 10,759,109

81.     Continuous Composites incorporates by reference and realleges the foregoing paragraphs as if fully set forth herein.

82.     On information and belief, Defendant has directly infringed and continues to directly infringe each and every element of at least claims 1, 3, 4, 7, and 8 of the '109 Patent under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States without authority the Accused

Products that perform the CFR process. A claim chart detailing examples of Defendant's infringement is attached as Exhibit 9.

83.    Defendant has indirectly infringed, and continues to indirectly infringe, the '109 Patent under 35 U.S.C. § 271(b) by actively, knowingly, and intentionally inducing infringement by others, such as end-users or customers of the Accused Products, with knowledge of the '109 Patent and with knowledge that others (including Defendant's customers and end users) will use the Accused Products to 3D print objects using the CFR process in a manner that directly infringes, either literally and/or under the doctrine of equivalents, one or more claims of the '109 Patent. Defendant had and has the specific intent to encourage the acts of direct infringement by teaching (including Defendant's customers and end users) to use the Accused Products in a manner that Defendant knew and knows infringes the '109 Patent, by, for example, instructing those end-users or customers how to generate parts or objects using the CFR process through the Markforged University, user and service manuals, and/or YouTube videos (e.g., those available at https://www.youtube.com/channel/UCg90L1Q_pjC4faYedwVAyRw).

84.    Defendant contributes to direct infringement of the '109 Patent by others (including its customers and end users), including by providing discrete, material components of the Accused Products to its customers for installation or replacement. Components of the Accused Products provided by Defendant to others include at least the fiber extruder and the fiber print head. Said components have been especially made or especially adapted by Defendant for use in infringement of the '109 Patent, and are not suitable for any substantial non-infringing use as their sole purpose is using the CFR process to manufacture parts or objects using continuous fiber materials.

85.    Defendant received actual notice of its infringement of the '109 Patent at least as early as July 1, 2021 and have continued to make, use, sell, offer to sell and/or import the Accused

Products, and/or induce others to do so, and/or contribute to infringement by others. Even before July 1, 2021, Defendant had actual knowledge of the '109 Patent or at minimum willfully blinded itself to the existence of the '109 Patent and Defendant's infringement.

86.     For the same reasons that Defendant knows its own acts infringe the '109 Patent, Defendant also knows that its customers and end users' use likewise infringes the Asserted Patents. Defendant has been aware of the Asserted Patents and its customers and end users' infringing activities since at least July 1, 2021, but certainly no later than the filing of the Original Complaint, yet Defendant still continues its own infringing activity as well as its inducement and contributory infringement by its customers and end users as of the filing date of this First Amended Complaint. On information and belief, Defendant has been aware of the '109 Patent and that the activities of its customers and end users constituted infringement, or at minimum willfully blinded itself to these facts, even before the filing of the Original Complaint, as stated above.

87.     Continuous Composites has suffered, and continues to suffer, damages as a result of Defendant's infringement of the '109 Patent. The extent of damage suffered by Continuous Composites and caused by Defendant is not yet known, but the damage is substantial and will be determined at trial.

88.     Continuous Composites provided actual notice of infringement at least as early as July 1, 2021, in compliance with 35 U.S.C. §287.

89.     In addition, Continuous Composites and Defendant are direct competitors in an emerging market where technology is a key differentiator. On information and belief, Markforged will continue its infringing activities damaging Continuous Composites unless and until enjoined by this Court. Indeed, Markforged has continued its infringing activities for months after it was notified of its infringement and after Continuous Composites filed the Original Complaint. Due

to Defendant's infringement, Continuous Composites has suffered, is suffering, and will continue to suffer irreparable injury for which Continuous Composites has no adequate remedy at law, including but not limited to customer confusion, harm to reputation, and loss of goodwill. Continuous Composites is therefore entitled to a preliminary and permanent injunction against Defendant's further infringement

90.    Defendant's further infringement of the '109 Patent after learning that Continuous Composites developed and patented CF3D technology has been, and continues to be, willful, deliberate, and in disregard of Continuous Composites's patent rights. Defendant's intentional, knowing, and willful infringement entitles Continuous Composites to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**COUNT V**

**DEFENDANT'S INFRINGEMENT OF U.S. PAT. NO. 11,173,660**

91.    Continuous Composites incorporates by reference and realleges the foregoing paragraphs as if fully set forth herein.

92.    On information and belief, Defendant has directly infringed and continues to directly infringe each and every element of at least claims 1-4 of the '660 Patent under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States without authority the Accused Products that perform the CFR process. A claim chart detailing examples of Defendant's infringement is attached as Exhibit 10.

93.    Defendant has indirectly infringed, and continues to indirectly infringe, the '660 Patent under 35 U.S.C. § 271(b) by actively, knowingly, and intentionally inducing infringement by others, such as end-users or customers of the Accused Products, with knowledge of the '660

Patent and with knowledge that others (including Defendant's customers and end users) will use the Accused Products to 3D print objects using the CFR process in a manner that directly infringes, either literally and/or under the doctrine of equivalents, one or more claims of the '660 Patent. Defendant had and has the specific intent to encourage the acts of direct infringement by teaching (including Defendant's customers and end users) to use the Accused Products in a manner that Defendant knew and knows infringes the '660 Patent, by, for example, instructing those end-users or customers how to generate parts or objects using the CFR process through the Markforged University, user and service manuals, and/or YouTube videos (e.g., those available at https://www.youtube.com/channel/UCg90L1Q_pjC4faYedwVAyRw).

94.     Defendant contributes to direct infringement of the '660 Patent by others (including its customers and end users), including by providing discrete, material components of the Accused Products to its customers for installation or replacement. Components of the Accused Products provided by Defendant to others include at least the fiber extruder and the fiber print head. Said components have been especially made or especially adapted by Defendant for use in infringement of the '660 Patent, and are not suitable for any substantial non-infringing use as their sole purpose is using the CFR process to manufacture parts or objects using continuous fiber materials.

95.     Defendant received actual notice of its infringement of the '660 Patent at least as early as February 11, 2022 and have continued to make, use, sell, offer to sell and/or import the Accused Products, and/or induce others to do so, and/or contribute to infringement by others.

96.     For the same reasons that Defendant knows its own acts infringe the '660 Patent, Defendant also knows that its customers and end users' use likewise infringes the Asserted Patents. Defendant has been aware of the '660 Patent and its customers and end users' infringing activities since at least February 11, 2022, yet Defendant still continues its own infringing activity

as well as its inducement and contributory infringement by its customers and end users as of the filing date of this Second Amended Complaint. On information and belief, Defendant has been aware of the '660 Patent and that the activities of its customers and end users constituted infringement, or at minimum willfully blinded itself to these facts, even before the February 11, 2022 letter.

97.    Continuous Composites has suffered, and continues to suffer, damages as a result of Defendant's infringement of the '660 Patent. The extent of damage suffered by Continuous Composites and caused by Defendant is not yet known, but the damage is substantial and will be determined at trial.

98.    Continuous Composites provided actual notice of infringement at least as early as February 11, 2022, in compliance with 35 U.S.C. § 287.

99.    In addition, Continuous Composites and Defendant are direct competitors in an emerging market where technology is a key differentiator. On information and belief, Markforged will continue its infringing activities damaging Continuous Composites unless and until enjoined by this Court. Indeed, Markforged has continued its infringing activities after it was notified of its infringement. Due to Defendant's infringement, Continuous Composites has suffered, is suffering, and will continue to suffer irreparable injury for which Continuous Composites has no adequate remedy at law, including but not limited to customer confusion, harm to reputation, and loss of goodwill. Continuous Composites is therefore entitled to a preliminary and permanent injunction against Defendant's further infringement

100.    Defendant's further infringement of the '660 Patent after learning that Continuous Composites developed and patented CF3D technology has been, and continues to be, willful, deliberate, and in disregard of Continuous Composites' patent rights. Defendant's intentional, knowing, and willful infringement entitles Continuous Composites to increased damages under

35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## JURY DEMAND

Under Federal Rule of Civil Procedure 38(b), Continuous Composites demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

Continuous Composites respectfully prays for relief as follows:

A.    a judgment that Defendant has infringed and continue to infringe one or more claims of the Asserted Patents;

B.    a judgment that Defendant has willfully infringed one or more claims of the Asserted Patents;

C.    a preliminary and permanent injunction issued against Defendant and its agents, officers, directors, employees, attorneys, successors, and assigns, all parent and subsidiary entities, and all those acting for or on the behalf of Defendant, or in active concert, participation, or combination with them, including customers and distributors, prohibiting Defendant from:

    a.    continuing acts of infringement of the Asserted Patents,

    b.    making, using, selling, and/or importing infringing products, to include any colorable imitation thereof, and

    c.    otherwise infringing the Asserted Patents;

D.    judgment awarding Plaintiff all damages adequate to compensate for Defendant's infringement, and in no event less than a reasonable royalty for Defendant's infringement, including all pre-judgment and post-judgment interest at the maximum rate allowed by law;

E.      a judgment awarding Plaintiff treble damages pursuant to 35 U.S.C. § 284 as a result of Defendant's willful conduct;

F.      a judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding Plaintiff its reasonable Attorneys' Fees and Taxable Costs incurred in connection with this action, pursuant to 35 U.S.C. § 285; and

G.      for such additional and further relief in law and equity, as the Court may deem just and proper.

Dated: February 22, 2022                          Respectfully submitted,

*Of Counsel:

                                                  /s/ Kelly E. Farnan
                                                  Kelly E. Farnan (#4395)
William B. Dyer III                               Richards, Layton & Finger, P.A.
Andrew G. Strickland                              920 N. King Street
75 14th Street NE, Suite 2500                     Wilmington, DE 19801
Atlanta, GA 30309                                 (302) 651-7700
Tel: (404) 815-1900                               farnan@rlf.com
Fax: (404) 815-1700
bill.dyer@leehayes.com
andrew.strickland@leehayes.com                    *Attorneys for Plaintiff*
                                                     *Continuous Composites, Inc.*

Robert S. Shwarts
Orrick, Herrington & Sutcliffe LLP
405 Howard Street
San Francisco, California 91105
Tel: (415) 773-5700
Fax: (415) 773-5759
rshwarts@orrick.com

T. Vann Pearce, Jr.
Christopher Higgins
Orrick, Herrington & Sutcliffe LLP
1152 15th Street, N.W.
Washington, D.C. 20005-1706
Tel: (202) 339-8400
Fax: (202) 339-8500
vpearce@orrick.com