

Kelly E. Farnan
(302) 651-7705
farnan@rlf.com

March 1, 2023

**BY CM/ECF & HAND DELIVERY**
The Honorable Maryellen Noreika
United States District Court
for the District of Delaware
844 N. King Street
Wilmington, DE 19801

      RE:    *Continuous Composites, Inc. v. Markforged, Inc.*,
             C.A. No. 21-998-MN

Dear Judge Noreika:

      Pursuant to the Court's February 13, 2023 Oral Order, I write to inform the Court that the parties met and conferred by Microsoft Teams on February 23, 2023 for approximately 20 minutes and by e-mail thereafter. The following attorneys participated in the meet-and-confer:

      <u>Continuous Composites, Inc.</u>
      Andrew Strickland (Lead Counsel)
      Hala Mourad
      Chris Higgins
      Kelly Farnan (Delaware Counsel)

      <u>Markforged, Inc.</u>
      Neel Chatterjee (Lead Counsel)
      Calvin Wingfield
      Jacqueline Genovese Bova
      Rodger Smith (Delaware Counsel)

      On February 22—prior to the meet-and-confer—MarkForged proposed via email that the construction of certain terms be deferred until dispositive motions. During the meet-and-confer, the parties discussed the proposal, some hearing logistics, and whether the parties could agree to partial constructions on some terms to focus the hearing on sub-issues related to those terms. On February 27, as the parties had discussed, Continuous Composites provided a specific proposal on potential agreement on sub-issues and some hearing logistics. MarkForged provided an alternative proposal on hearing logistics and indicated it did not agree to the sub-issues identified by Continuous Composites. After the meet-and-confer and the follow-up exchange, the parties were unable to reach further compromises on their proposed constructions.

      MarkForged proposes that the parties present the disputed terms to the Court in a slightly different order than presented in the Joint Claim Construction Brief so that all the claim terms

The Honorable Maryellen Noreika
March 1, 2023
Page 2

related to the liquid curable material are argued consecutively. Accordingly, MarkForged proposes moving "anchor point" up to the fourth argued term and "encased/coated" and "the continuous strand being at least one of a wire [fiber] and a fiber [wire]" down to the ninth and tenth argued terms, respectively. Continuous Composites prefers to argue the terms in briefing order to avoid confusion.

      Finally, the parties note to the court that there was a typo in the Amended Joint Claim Construction Statement filed December 13, 2022 (D.I. 101) regarding to which claims Term 1 applies. Term 1— "a[n] [automated] method of [additively] manufacturing [of] a three-dimensional object"—applies to the preambles of all asserted independent method claims: claim 17 of the '543 Patent, claims 1, 13 and 14 of the '798 Patent, and claim 1, 5, 9, and 21 of the '708 Patent. The Amended Joint Claim Construction Statement incorrectly stated this term applied to claims 1, 5, 9, 21 of the '798 Patent, and claim 21 of the '708 Patent. This typographical error does not affect the parties' briefing or argument before the Court.

Respectfully,

*/s/ Kelly E. Farnan*

Kelly E. Farnan (#4395)

cc :  All Counsel of Record (By CM/ECF)