## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

CONTINUOUS COMPOSITES, INC., )
a Delaware corporation, )
           ) C.A. No. 21-998 (MN)
           Plaintiff, )
           )
           v. ) **JURY TRIAL DEMANDED**
           )
MARKFORGED, INC., )
a Delaware corporation, )
           )
           Defendant. )

### STIPULATION AND [PROPOSED] ORDER REGARDING
### U.S. PATENT NOS. 9,511,543; 10,744,708 AND 10,759,109

This stipulation is made by and between Plaintiff Continuous Composites, Inc. ("Continuous Composites") and Defendant MarkForged, Inc. ("MarkForged") (collectively as "Parties").

WHEREAS Continuous Composites filed the present action against MarkForged for infringement of United States Patent Nos. 9,511,543 ("the '543 patent"); 9,987,798 ("the '798 patent"); 10,744,708 ("the '708 patent"); 10,759,109 ("the '109 patent"); and 11,173,660 ("the '660 patent") (collectively, "the Asserted Patents") by making, using, offering for sale, and selling within the United States, or importing into the United States, MarkForged's Onyx Pro, Mark Two, X5, X7, X7 Field Edition, and FX20 products ("the Accused Products");

WHEREAS Continuous Composites has alleged, among other things, that MarkForged infringes claims 17, 19, 20-21, 24-25, 27 and 29 of the '543 patent; claims 1, 5, 9, and 21 of the '708 patent; and claims 1 and 8 of the '109 patent;

WHEREAS MarkForged has alleged that the Accused Products do not infringe any claim of the Asserted Patents, and that one or more claims of each Asserted Patent are invalid;

WHEREAS, on March 7, 2023, the Parties agreed on the construction of "curing"; and

WHEREAS, on March 17, 2023, the Court issued a Memorandum Order (D.I. 121) construing, among other things, the term "primary material" as a "curable liquid material."

WHEREAS, claims 17, 19, 20-21, 24-25, 27 and 29 of the '543 patent; claims 1, 5, 9, and 21 of the '708 patent; and claims 1 and 8 of the '109 patent recite the term "primary material."

NOW THEREFORE, the Parties, by and through their respective undersigned counsel in the above-captioned case, hereby stipulate as follows:

1.      In view of the Court's construction of the term "primary material" as a "curable, liquid material," the Parties agree that MarkForged does not infringe claims 17, 19, 20-21, 24-25, 27, and 29 of the '543 patent; claims 1, 5, 9, and 21 of the '708 patent; and claims 1 and 8 of the '109 patent by making, using, offering for sale, and selling within the United States, or importing into the United States the Accused Products, and when judgment is entered in this case, judgment will be entered in favor of MarkForged as to Continuous Composites's infringement claims for claims 17, 19, 20-21, 24-25, 27, and 29 of the '543 patent; claims 1, 5, 9, and 21 of the '708 patent; and claims 1 and 8 of the '109 patent.

2.      The Parties further stipulate and agree that MarkForged's unadjudicated counterclaims and affirmative defenses on the '543 patent, '708 patent, and '109 patent are dismissed without prejudice, without waiving MarkForged's right to reassert those claims and defenses in this action or any future action should Continuous Composites reassert the '543 patent, '708 patent, or '109 patent against MarkForged or in the event of a reversal or remand to this Court following any appeal from the final judgment entered pursuant to this Stipulation.  To preserve judicial and Party resources, the Parties shall suspend all activities related to these counterclaims and affirmative defenses until judgment is entered.

RLF1 28756152v.1

3.     Notwithstanding the foregoing, nothing in this Stipulation and [Proposed] Order shall impact the Parties' rights to appeal, including but not limited to, the Parties' ability to appeal the Court's March 17, 2023 Memorandum Order (D.I. 121) as to the construction of "primary material" or any other claim term that the Court construed.  MarkForged further states specifically that it disagrees with and objects to the Court's construction of the terms "path," "extruder" and "extruding," "anchor" and "anchor point," "continuous strand," and "harden" and "hardening." MarkForged expressly reserves its right to challenge these constructions or any other of the Court's constructions on appeal. The Parties expressly reserve all appellate rights including, but not limited to, the right to appeal the Court's Claim Construction Order to the United States Court of Appeals for the Federal Circuit.

4.     For clarity and the avoidance of doubt, this Stipulation and Order does not relate to, dismiss, or in any way affect any claims, counterclaims, and affirmative defenses pending between Continuous Composites and MarkForged relating to United States Patent No. 11,173,660 or otherwise between Continuous Composites and MarkForged.

Respectfully submitted, this 20th day of March, 2023.

| | |
|---|---|
| */s/ Rodger D. Smith II* | */s/ Griffin A. Schoenbaum* |
| Jack B. Blumenfeld (#1014) | Kelly E. Farnan (#4395) |
| Rodger D. Smith II (#3778) | Griffin A. Schoenbaum (#6915) |
| Travis J. Murray (#6882) | RICHARDS, LAYTON & FINGER, P.A. |
| Morris, Nichols, Arsht & Tunnell, LLP | 920 N. King Street |
| 1201 North Market Street | Wilmington, DE 19801 |
| Wilmington, DE 19801 | (302) 651-7700 |
| (302) 658-9200 | farnan@rlf.com |
| jblumenfeld@morrisnichols.com | schoenbaum@rlf.com |
| rsmith@morrisnichols.com | |
| tmurray@morrisnichols.com | *Attorneys for Plaintiff* |
| | *Continuous Composites, Inc.* |
| *Attorneys for Defendant MarkForged, Inc.* | |

OF COUNSEL:

Calvin E. Wingfield Jr.
Grace Peace Truong
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
(212) 813-8800

I. Neel Chatterjee
Michael C. Ting
GOODWIN PROCTER LLP
601 Marshall Street
Redwood City, CA 94063
(650) 752-3100

Jacqueline Genovese Bova
Amanda E. Stephenson
Shweta Kumar
Goodwin Procter LLP
1900 N Street N.W.
Washington, DC 20036
(202) 346-4000
JBova@goodwinlaw.com
AStephenson@goodwinlaw.com
SKumar@goodwinlaw.com

OF COUNSEL:

William B. Dyer III
Andrew G. Strickland
Hala Mourad
Ryan Gentes
Richard Uberto
LEE & HAYES, P.C.
75 14th Street NE, Suite 2500
Atlanta, GA 30309
(404) 815-1900
bill.dyer@leehayes.com
andrew.strickland@leehayes.com
ryan.gentes@leehayes.com
hala.mourad@leehayes.com
richard.uberto@leehayes.com

Caleb Hatch
Johanna Tomlinson
LEE & HAYES, P.C.
601 West Riverside Ave., Suite 1400
Spokane, WA 99201
(509) 324-9256
caleb.hatch@leehayes.com
johanna.tomlinson@leehayes.com

Robert S. Shwarts
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, California 91105
(415) 773-5700
rshwarts@orrick.com

T. Vann Pearce, Jr.
Christopher Higgins
ORRICK, HERRINGTON & SUTCLIFFE LLP
1152 15th Street, N.W.
Washington, D.C. 20005-1706
(202) 339-8400
vpearce@orrick.com

SO ORDERED this _____ day of _____, 2023

_____
UNITED STATES DISTRICT JUDGE
MARYELLEN NOREIKA