**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

CONTINUOUS COMPOSITES, INC.,     )
    )
    )
        Plaintiff,     )
    )
        v.     )    Case No. 21-00998-MN
    )
MARKFORGED, INC.,     )    **REDACTED PUBLIC VERSION**
    )
        Defendant.     )
    )

**PROPOSED JOINT FINAL PRETRIAL ORDER**

Kelly E. Farnan (#4395)
Griffin A. Schoenbaum (#6915)
RICHARDS, LAYTON & FINGER, P.A.
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com
schoenbaum@rlf.com

Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
Travis J. Murray (#6882)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
rsmith@morrisnichols.com
tmurray@morrisnichols.com

*Attorneys for Plaintiff*

*Attorneys for Defendant*

Dated:  March 25, 2024

**TABLE OF CONTENTS**

I.   NATURE OF THE ACTION AND PLEADINGS ........................................................ 1

II.  FEDERAL JURISDICTION ..................................................................................... 3

     A.  Basis for Jurisdiction over Continuous Composites's Claims ........................... 3

     B.  Basis for Jurisdiction over MarkForged's Counterclaims ................................. 4

III. UNCONTESTED FACTS ........................................................................................ 4

IV.  ISSUES OF FACT THAT REMAIN TO BE LITIGATED ...................................... 4

V.   ISSUES OF LAW THAT REMAIN TO BE LITIGATED ....................................... 5

VI.  EXHIBITS ................................................................................................................ 5

     A.  Trial Exhibits ...................................................................................................... 5

          1.  Exhibit Lists ................................................................................................ 5

          2.  Use of Exhibits ............................................................................................ 7

          3.  Identification of Exhibits to Be Used ......................................................... 9

     B.  Demonstrative Exhibits ..................................................................................... 10

VII. WITNESSES ........................................................................................................... 11

     A.  Live Witnesses the Parties Expect to Call ....................................................... 11

          1.  Continuous Composites' Witness List ...................................................... 11

          2.  MarkForged's Witness List ....................................................................... 12

          3.  Identification of Live Witnesses ............................................................... 12

     B.  Testimony by Prior Sworn Testimony .............................................................. 12

     C.  Impeachment with Prior Inconsistent Testimony ............................................. 16

     D.  Objections to Expert Testimony ....................................................................... 16

VIII. THE PARTIES' STATEMENTS OF INTENDED PROOFS ................................. 16

     A.  Continuous Composites' Statement of Intended Proof ..................................... 16

     B.  MarkForged's Statement of Intended Proof ..................................................... 17

1. Invalidity ............................................................................................................ 17

2. Non-infringement ................................................................................................ 19

3. Damages ............................................................................................................. 20

4. Injunctive Relief ................................................................................................ 21

IX. AMENDMENTS OF THE PLEADINGS ................................................................ 21

X. CERTIFICATE OF GOOD-FAITH SETTLEMENT EFFORTS ........................... 21

XI. OTHER MATTERS .................................................................................................. 21

A. Trial Presentations ................................................................................................ 21

B. Length of Trial ..................................................................................................... 22

C. Jurors ..................................................................................................................... 22

D. Motions for Judgment as a Matter of Law .......................................................... 23

E. Miscellaneous Stipulations .................................................................................. 23

F. Motions in Limine ................................................................................................ 24

G. Sealing Courtroom and Transcripts ..................................................................... 24

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, Local Rule 16.3(c), the Court's Scheduling Orders (D.I. 22, 260), and the Court's Preferences and Procedures for Civil Cases (September 2019), Plaintiff Continuous Composites, Inc. ("Plaintiff" or "Continuous Composites") and Defendant MarkForged, Inc. ("Defendant" or "MarkForged") hereby jointly submit for the Court's approval their Proposed Joint Final Pretrial Order ("Pretrial Order"), in advance of the Pretrial Conference scheduled to be held on April 3, 2024 at 4:30 p.m., and governing the jury trial scheduled to begin on April 8, 2024 at 9:30 a.m.

## I.    NATURE OF THE ACTION AND PLEADINGS

### A.    The Parties

1.    Plaintiff and Counterclaim Defendant Continuous Composites is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 215 E. Lakeside Ave., Coeur d'Alene, ID 83814.

2.    Defendant and Counterclaim Plaintiff MarkForged is a Delaware corporation organized under the laws of the state of Delaware, with its principal place of business at 60 Tower Road Waltham, Massachusetts 02451.

### B.    Nature of the Action

3.    This is an action for patent infringement. Continuous Composites accuses MarkForged of directly infringing claims 2 and 4 (collectively, the "Asserted Claims") of U.S. Patent No. 11,173,660 ("'660 Patent" or "Asserted Patent") by making, using, offering to sell, selling, and/or importing into the United States products that incorporate Continuous Composites' patented inventions, including the following continuous fiber composite 3D printers: Onyx Pro, Mark Two, X5, X7, X7 Field Edition, and FX20 (collectively, the "Accused Products"). Continuous Composites alleges that MarkForged indirectly infringes the Asserted Claims by

1

contributing to or inducing the infringement of others. Continuous Composites alleges that MarkForged's infringement of the Asserted Patent has been and continues to be willful.

4.    MarkForged alleges that the Accused Products do not infringe the Asserted Claims. MarkForged alleges that MarkForged does not indirectly infringe the Asserted Claims by contributing to or inducing infringement of the Asserted Claims. MarkForged also alleges that the Asserted Claims are invalid for failure to satisfy one or more requirements of patentability under 35 U.S.C. §§ 102, 103, and 112.

**C.    Pleadings**

5.    The operative pleadings are Continuous Composites' Second Amended Complaint (D.I. 37), MarkForged's Answer and Counterclaims to Plaintiff's Second Amended Complaint (D.I. 41), and Plaintiff Continuous Composites, Inc.'s Answer to Defendant MarkForged, Inc.'s Counterclaims (D.I. 44) .

**D.    Claim Construction**

6.    The Court issued a Memorandum Order on Claim Construction on March 17, 2023 ("First Claim Construction Order"). D.I. 121.

7.    The Court's First Claim Construction Order stated the following related to the Asserted Claims:

> a.    "an apparatus for additive manufacturing of a three dimensional object" shall be given its plain and ordinary meaning, which is "an apparatus for additive manufacturing of a three dimensional object" ('660 Patent, claims 2 and 4)

b.   " "anchor" means "a contact point to which the path is affixed and that serves as an origin point for the formation of the path" ('660 Patent, claim 4)

8.   On November 22, 2023, the Court heard arguments on the disputed claim term "polymer." The Court stated it will construe "polymer" to have its plain and ordinary meaning of "a material composed of many molecules or parts resulting in long chains." *See* Motion Hearing Tr. at 64:7-9.

**E.   Pending Motions**

9.   The parties' motions in limine are being filed as part of this Pretrial Order, as set forth in Section XI.F below.

**F.   Trial**

10.   Trial of up to five days is scheduled to begin on April 8, 2024. *See* D.I. 260.

## II.   FEDERAL JURISDICTION

**A.   Basis for Jurisdiction over Continuous Composites's Claims**

11.   This Court has federal question jurisdiction over this action because it arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq*.

12.   This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338, 2201, 2202 and the patent laws of the United States, including 35 U.S.C. § 271 *et seq*.

13.   No party contests personal or subject matter jurisdiction for purposes of this action.

14.   No party contests venue for purposes of this action in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b).

### B. Basis for Jurisdiction over MarkForged's Counterclaims

15.     This Court has original jurisdiction over the subject matter of MarkForged's declaratory judgment counterclaims under United States Patent Act, 35 U.S.C. § 1 et seq pursuant to 28 U.S.C. §§1331 and 1338(a).  The existence of a case or controversy is demonstrated by, for example, Continuous Composites's filing of this action.

16.     This Court has personal jurisdiction over Continuous Composites because, among other things Continuous Composites is incorporated in the State of Delaware and Continuous Composites has availed itself of this District by asserting patent infringement against MarkForged in this District.  Continuous Composites has not contested personal jurisdiction for the purposes of this action.

## III.   UNCONTESTED FACTS

17.     The parties respectfully submit a Joint Statement of Undisputed Facts as **Schedule 1**. These facts are undisputed, shall require no proof at trial, and will become part of the evidentiary record in this case once introduced to the jury. Any party, with the consent of the Court, may read any or all of the undisputed facts to the jury or the Court and will be charged for the time used to do so.

## IV.   ISSUES OF FACT THAT REMAIN TO BE LITIGATED

18.     Continuous Composites' Statement of the Issues of Fact that Remain to be Litigated is attached as **Schedule 2P**.

19.     MarkForged's Statement of the Issues of Fact that Remain to be Litigated is attached as **Schedule 2D**.

20.     The parties reserve the right to modify or supplement their statements as needed to fairly reflect the Court's rulings on motions, any other subsequent orders of the Court, or by agreement of the parties. If the Court determines that any issue identified in a party's statement of

4

issues of fact that remain to be litigated is instead more properly considered an issue of law that remains to be litigated, it should be so considered.

## V.     ISSUES OF LAW THAT REMAIN TO BE LITIGATED

21.     Continuous Composites' Statement of the Issues of Law that Remain to be Litigated is attached as **Schedule 3P**.

22.     MarkForged's Statement of the Issues of Law that Remain to be Litigated is attached as **Schedule 3D**.

## VI.   EXHIBITS

### A.  Trial Exhibits

#### 1.  Exhibit Lists

23.     Continuous Composites' list of trial exhibits that it may offer at trial, including MarkForged's objections, is attached as **Schedule 4P**.

24.     MarkForged's list of trial exhibits that it may offer at trial, including Continuous Composites' objections, is attached as **Schedule 4D**.

25.     Joint trial exhibits will be marked with "JTX" numbers. To the extent the parties submit a joint list of trial exhibits they may offer at trial, including objections, it will be submitted as **Schedule 4J**.

26.     The parties shall each provide a completed AO Form 187 exhibit list to the Court on the first day of trial. To the extent the parties submit a joint exhibit list, Continuous Composites will include all joint exhibits on its AO Form 187.

27.     Each party reserves the right to offer an exhibit designated by the other party, even if not introduced by the designating party. If the non-designating party offers into evidence an exhibit designated but not introduced by the designating party, the designating party reserves its right to object to the introduction into evidence of that exhibit, depending on the use for which it

is being offered. The pretrial order contains the maximum universe of exhibits to be used by any party (other than for cross-examination or impeachment). Exhibits not listed will not be admitted unless good cause is shown or the parties reach an agreement.

28.     The parties agree that exhibits to be used solely for impeachment or refreshing a witness's recollection need not be included on the lists of trial exhibits or disclosed in advance of being used at trial.

29.     The listing of a document on a party's exhibit list is not an admission that such document is relevant or admissible when offered by the opposing party. Each party reserves the right to object to the relevance or admissibility of any evidence offered by the other party, at the time such evidence is offered, in view of the specific context in which such evidence is offered.

30.     The parties acknowledge that certain anticipated trial exhibits may not be feasible to show to a witness and/or to provide the jury in paper form, including, but not limited to, voluminous spreadsheets, videos, and product samples.  Electronic versions of document exhibits in their native format, may be offered into evidence in lieu of paper or PDF versions.  The parties will exchange replacement versions and/or native versions of exhibits prior to use in trial. Any replacement copies must be provided to the other party at the same time the party discloses they will use the exhibit at trial. The receiving party reserves the right to object to the replacement exhibit copy. The parties otherwise agree to follow the Court's guidance regarding how the Court prefers to handle such exhibits.

31.     To reduce the number of duplicate exhibits, where a deposition excerpt references a document by exhibit number and that identical document was also marked with a different trial exhibit number, a party may substitute one exhibit for the other. In addition, the parties will meet

and confer regarding replacing any poor print or digital quality copies of exhibits with substantively identical improved or higher quality or color copies.

32.     The parties will exchange electronic copies of their respective pre-marked exhibits in searchable (OCR) PDF file format by **5:00 p.m.** Eastern Time on **March 18, 2024**.

**2.  Use of Exhibits**

33.     Unless pre-admitted by the Court or pursuant to this pre-trial order, no exhibit will be admitted into evidence unless offered through a witness, who must at least be shown the exhibit. Exhibits may be introduced via prior sworn testimony. Notwithstanding the foregoing, exhibits that are not objected to or that have been ruled on by the Court may be used in opening statements. A party that has used an exhibit with the witness and wishes that exhibit to be admitted into evidence may formally move the exhibit into evidence, by exhibit number, at any time.

34.     Except as provided below with respect to opening statements, exhibits may not be published, displayed, or otherwise shown to the jury until after the Court allows such publication or display. Any exhibits already admitted may be published to the jury without requesting to do so.

35.     Exhibits that are documents that were produced by any party from its own files shall be presumed authentic within the meaning of Federal Rules of Evidence 901 unless the party can make a good faith objection to the exhibit's authenticity.

36.     Exhibits that are United States Patent Office documents (e.g., patents, published patent applications, provisional patent applications, and file histories) shall be presumed authentic within the meaning of Federal Rules of Evidence 901 unless the party can make a good faith objection to the exhibit's authenticity.

37.     Legible copies of documents may be offered and received in evidence to the same extent as an original unless a genuine question is raised as to the authenticity of the original, or in the circumstances it would be unfair to admit the copy in lieu of the original.

38.     Any exhibit listed by a party on its exhibit list may be offered as an exhibit by another party, subject to evidentiary objections by the opposing party.

39.     Any exhibit, once admitted at trial, may be used equally by any party, subject to the Federal Rules of Evidence.

40.     The listing of a document on a party's exhibit list or the joint exhibit list is not an admission that such document is relevant or admissible when offered by the opposing party for the purpose that the opposing party wishes to admit the document. Each party reserves the right to object to the admissibility of any evidence offered by the other party, at the time such evidence is offered, in view of the specific context in which such evidence is offered.

41.     The parties agree that if any party removes or otherwise withdraws an exhibit from its exhibit list, another party may amend its exhibit list to include that same exhibit. The parties also agree that the parties may make objections to such exhibit, other than an objection based on untimely listing.

42.     Notice of a party's intended use of blow-ups (enlargements) of trial exhibits and/or deposition testimony and of ballooning, excerption, highlighting, etc. of such exhibits and/or deposition testimony need not be given and need not be exchanged as a demonstrative exhibit, as long as the party has identified its intent to use the trial exhibit and/or deposition testimony according to the provisions of this Order, and such ballooning, excerption, highlighting, etc., accurately reflects the content of the exhibit.

### 3.   Identification of Exhibits to Be Used

43.      A party will provide written notice of the witnesses they expect to call live at trial and the order in which the witnesses will testify, along with specific identification of all exhibits to be used during direct examination of each witness (both live and by deposition) by **7:00 p.m. two (2) calendar days** before the intended use of such exhibits. The opposing party will provide any objections or identified issues of privilege and confidentiality by no later than **9:00 p.m. that same day**. The parties will meet and confer to attempt to resolve any objections by **10:00 p.m. that same day**. If good faith efforts to resolve the objections fail, the party objecting to the exhibits shall bring its objections to the Court's attention by 7:00 a.m. the day of the intended use of such exhibits. Failure to comply with these procedures, absent an agreement by the parties and approval by the Court, will result in waiver of objection to the exhibit.

44.      Exhibits to be used in cross-examination need not be disclosed. Objections to such exhibits may be made at trial when the exhibit is offered into evidence or requested to be published to the jury.

45.      Prior to the start of the direct or cross-examination of any witness, the parties agree to provide the other with two copies of witness binders that contain all of the exhibits expected to be used on direct or cross-examination of that witness. The parties will also make available to the Court, the court reporter, and the clerk the witness binders of exhibits to be used during direct or cross-examination of the witness.

46.      If a party intends to show a trial exhibit (or any portion thereof) during its opening statement to which the other party has objected, the party shall disclose the exhibit(s) by **12:00 p.m. one (1) calendar day** before opening statements are to be made. If the opposing party continues to object to any such exhibit(s), it will provide any objections to such exhibit(s) by **3:00 p.m. that same day**. The parties will meet and confer by **5:00 p.m. that same day**. If good

9

faith efforts to resolve the objections fail, the party objecting to the exhibit(s) shall bring its objections to the Court's attention by 7:00 a.m. the day opening statements are to be made.

47.     The parties shall make available for inspection, two days before trial starts at a mutually convenient time, any physical exhibits to be used at trial, labeled with an exhibit number. The final digital copy of each exhibit page will be endorsed with a unique page identifier, including the exhibit prefix, exhibit number, and page numbers of the electronic document. The exhibit prefixes shall be: "JTX" for exhibits on the joint exhibit list, "PTX" for exhibits on Continuous Composites' exhibit list, and "DTX" for exhibits on MarkForged's exhibit list. The page numbering shall begin at 1 for the first page of each exhibit, and the numbering on each page should include the trial exhibit number and the physical page number separated by a decimal.

**B.  Demonstrative Exhibits**

48.     Demonstrative exhibits the parties and experts intend to use at trial do not need to be included on their respective lists of trial exhibits attached hereto. Demonstrative exhibits, subject to objection, may be shown to the jury if allowed by the Court, but will not be admitted into evidence.

49.     The parties will exchange all demonstratives intended for use in opening statements (for opening and any rebuttal statements) by **12:00 p.m. one (1) calendar day** before opening statements are to be made. The parties will provide any objections to such demonstratives by **3:00 p.m. that same day**. The parties will meet and confer to attempt to resolve any objections by **5:00 p.m. that same day**. If good faith efforts to resolve the objections fail, the party objecting to a demonstrative shall bring its objections to the Court's attention by **7:00 a.m.** the day opening statements are to be made.

50.     The parties will exchange all demonstratives intended for use in closing arguments (for closing and any rebuttal arguments) no later than two hours prior to the start of closing

arguments. If good faith efforts to resolve the objections fail, the party objecting to a demonstrative shall bring its objections to the Court's attention before closing arguments are to be made.

51.     Each party will provide all demonstrative exhibits to be used in connection with direct examination of a witness by **7:00 p.m. one (1) calendar day** before the intended use of such demonstratives. The opposing party will provide any objections to such demonstratives by **9:00 p.m. that same day**. The parties will meet and confer to attempt to resolve any objections by **10:00 p.m. that same day**. If good faith efforts to resolve the objections fail, the party objecting to a demonstrative shall bring its objections to the Court's attention by 7:00 a.m. the day of the intended use of such demonstratives.

52.     Failure to comply with these procedures, absent good cause or an agreement by the parties and approval by the Court, will result in waiver of objection to the demonstrative.

53.     The party seeking to use a demonstrative will provide a color representation of the demonstrative to the opposing party in PDF format. However, for video or animations, the party seeking to use the demonstrative will provide it to the other side electronically via a video or similar file.  For irregularly sized physical exhibits, the party seeking to use the demonstrative will provide a color representation as a 8.5" x 11" copy of the demonstrative in PDF file format and will provide the opposing party an opportunity to inspect the physical exhibit.

54.     The provisions in this section do not apply to demonstratives to be used during cross-examination, none of which need to be provided to the other side in advance of their use.

## VII.    WITNESSES

### A.  Live Witnesses the Parties Expect to Call

#### 1.  Continuous Composites' Witness List

55.     The list of witnesses Continuous Composites expects to call or may call to testify at trial is attached as **Schedule 5P**.

### 2. MarkForged's Witness List

56.     The list of witnesses MarkForged expects to call or may call to testify at trial is attached as **Schedule 5D**.

### 3. Identification of Live Witnesses

57.     The parties agree that fact witnesses, other than a single corporate representative per party sitting at counsel tables, will be sequestered. The parties agree that expert witnesses need not be sequestered. The parties shall exchange the names of their single corporate representatives on April 1, 2024, at 5:00 p.m.

58.     The parties will identify by email to the opposing party the witnesses they intend to call live and the order in which they intend to call them by **7:00 p.m. two (3) calendar days** before the day on which such witness will be called to testify. Thereafter, each side shall update its expected witnesses at the end of each trial day by **7:00 p.m**. The other parties shall identify any objection to such witness(es) by **9:00 p.m.** two (2) calendar days before the trial day on which the witness(es) will be called to testify. The parties will meet and confer to resolve any objections by **10:00 p.m.** that same day. If good faith efforts to resolve the objections fail, the party objecting to the witness shall bring its objections to the Court's attention by 7:00 a.m. the day on which witness will be called to testify.

### B. Testimony by Prior Sworn Testimony

59.     The deposition testimony that Continuous Composites may offer into evidence including a list of deposition designations and counter designations, as well as any objections are identified in **Schedule 6P**.

60.     Continuous Composites reserves the right to amend its disclosures and designations of witnesses in view of events at trial or based on circumstances that may evolve prior to the commencement of trial, including, but not limited to, evidentiary rulings or other rulings by the

Court as well as MarkForged's evolving list of witnesses. Depending on the stipulation reached by the parties on financials, Continuous Composites reserves the right to designate deposition testimony from financial witnesses.

61.     The deposition testimony that MarkForged may offer into evidence including a list of deposition designations and counter designations, as well as any objections are identified in **Schedule 6D.**

62.     MarkForged reserves the right to amend its disclosures and designations of witnesses in view of events at trial or based on circumstances that may evolve prior to the commencement of trial, including, but not limited to, evidentiary rulings or other rulings by the Court as well as Continuous Composites' evolving list of witnesses. Depending on the stipulation reached by the parties on financials, MarkForged reserves the right to designate deposition testimony from financial witnesses.

63.     Use of deposition testimony shall be governed by Federal Rule of Civil Procedure 32 and the Federal Rules of Evidence. The parties agree that a party may present deposition designations in chapter format by topics, subject to the right of the other party to object to any reordering of the deposition testimony. Absent agreement to a party's proposed ordering in chapter format, deposition clips should be played in the order of the transcript.

64.     Either party may use testimony that is designated by another party, to the same effect as if it had initially designated the testimony as its own, subject to all objections, Federal Rule of Civil Procedure 32 and the Federal Rules of Evidence.

65.     For any witness whose prior sworn testimony the parties intend to present at trial, the parties shall identify a list of prior sworn testimony designations to be played or read to the jury and the proposed exhibits used in the designations by **7:00 p.m. four (4) calendar days** before

the designations are to be played to the jury or the Court. The party shall also disclose how it intends to present the testimony (e.g., by reading or by video) at this time. The party receiving the designations shall inform the opposing party of any objections, and any counter-designations, by **7:00 p.m. three (3) calendar days** prior to the testimony being offered into the record. The parties will meet and confer by **10:00 p.m. that same day**.

66.     If there are objections that remain to be resolved, the party calling the witness by deposition shall, no later than **7:00 p.m. two (2) calendar** days before the witness is to be called at trial, submit, on behalf of all parties: (i) a copy of the entire prior sworn testimony of the witness at issue, clearly highlighting the designations, counter-designations, and counter-counter designations, and pending objections; (ii) any exhibits to be introduced with the prior sworn testimony if there remains a pending objection to that exhibit, and (iii) a cover letter clearly identifying the pending objections as well as a brief indication (i.e., no more than one sentence per objection) of the basis for the objection and the offering party's response to it. Failure to comply with these procedures, absent an agreement by the parties and approval by the Court, will result in waiver of the use of the prior sworn testimony or waiver of objection to the use of the prior sworn testimony.

67.     Colloquy between counsel, requests to have the court reporter read back a question, objections, and any Court rulings on objections will be eliminated when the prior sworn testimony is played at trial.

68.     When the witness is called to testify by prior sworn testimony at trial, the party calling the witness shall provide the Court and the opposing party with copies of the transcript of the designations, counter-designations, and counter-counter designations that will be played pursuant to the Court's procedure.

69.     The designations, counter-designations, will be read or played by video in chronological order at the same time. The parties will be charged for time according to the following proportions: each side shall be charged only with the time needed to play its own designations, counter-designations, or counter-counter-designations, and will not be charged with the time necessary to play the other side's designations, counter designations, or counter-counter-designations.

70.     If offering prior sworn testimony by video, the party offering the testimony is responsible for preparing video deposition clips of all designated testimony for that witness, including the other party's counter-designations. The offering party shall provide a copy of the video clips to the opposing party no later than **7:00 p.m. the calendar day** before the testimony is expected to be played.

71.     For those witnesses whose prior sworn testimony will be played or read, the parties shall be permitted to make brief transition statements to introduce the witnesses by name; position or title; the company with which he or she is associated; whether the testimony was given in a corporate representative capacity. No other information or argument is allowed and counsel shall not be permitted to argue or comment on the evidence during transition statements. The parties will provide the time to be charged to each party according to the Court's preferences.

72.     If a party intends to use deposition testimony during its opening statement, the party shall disclose the testimony by **12:00 p.m. one (1) calendar day** before opening statements. The parties will provide any objections to such testimony by **3:00 p.m. that same day**. The parties will meet and confer to attempt to resolve any objections by **5:00 p.m. that same day**. If good faith efforts to resolve the objections fail, the party objecting to the use of the testimony shall bring its objections to the Court's attention by 7:00 a.m. the day the opening statements are to be made.

15

### C. Impeachment with Prior Inconsistent Testimony

73.     The above procedures regarding designations of prior sworn testimony do not apply to portions of transcripts and/or video used for impeachment of a witness. Any prior sworn testimony may be used at trial for the purpose of impeachment, regardless of whether a party identified that testimony on its list of designations. Nothing herein prevents a party from objecting to the use of deposition or other prior sworn testimony as impeachment material.

### D. Objections to Expert Testimony

74.     The parties agree that the Court should rule at trial on any objections to expert testimony as beyond the scope of prior expert disclosures, and that a failure to object to expert testimony as beyond the scope of prior expert disclosures waives the objection as to that testimony. The time taken to argue and decide such objections will be charged to the losing party.

## VIII.    THE PARTIES' STATEMENTS OF INTENDED PROOFS

75.     Below are the parties' respective statements of intended proofs provided by each respective party. Each party does not agree with the other party's statements and positions.

### A. Continuous Composites' Statement of Intended Proof

76.     Continuous Composites intends to prove that Defendant is liable for direct infringement of claims 2 and 4 of the '660 Patent.

77.     Continuous Composites intends to prove that Defendant is liable for indirect infringement of claims 2 and 4 of the '660 Patent.

78.     Continuous Composites intends to prove that MarkForged's infringement of the Asserted Claims was, and continues to be, willful.

79.     Continuous Composites intends to prove the amount of past damages to which it is entitled in the form of a reasonable royalty relating to the portion of Defendant's infringing U.S. sales, beginning as of November 16, 2021.

16

80. Continuous Composites intends to prove that this is an exceptional case under 35 U.S.C. § 285, and that Continuous Composites should be awarded attorneys' fees and costs.

81. Continuous Composites intends to prove that it is entitled to enhanced damages pursuant to 35 U.S.C. § 284, including, but not limited to, as a result of Defendant's willful infringement of one or more of the Asserted Claims of the Patent-in-Suit.

82. Continuous Composites intends to prove that it is entitled to a permanent injunction pursuant to 35 U.S.C. § 283, enjoining Defendant, its officers, agents, servants, employees, and those persons acting in active concert or participation with all or any of them from making, using, offering to sell, or selling the Accused Devices within the United States, or importing the Accused Devices into the United States, or contributing to or inducing such activities by another, prior to the expiration of the Asserted Claims of the Patent-in-Suit.

## B. MarkForged's Statement of Intended Proof

83. Pursuant to Local Rule 16.3 and the Scheduling Order entered by the Court (D.I. 102), MarkForged provides this Statement of Intended Proof ("Statement"). MarkForged reserves the right to and may modify this Statement in view of any of Continuous Composites's pretrial statements and to the extent any amendments or other revisions arise that impact the facts or issues for trial.

### 1. **<u>Invalidity</u>**

84. MarkForged intends to prove through clear and convincing evidence adduced at trial, including expert witnesses, fact witnesses, and admissions, that claims 2 and 4 of the '660 patent ("the Asserted Claims") are: 1) invalid under 35 U.S.C. § 102 as anticipated by prior art; 2) invalid under 35 U.S.C. § 103 as obvious over the prior art; and/or 3) invalid under 35 U.S.C. § 112 for failure to comply with the written description and enablement requirements.

85.     MarkForged intends to prove through clear and convincing evidence adduced at trial, including expert witnesses, fact witnesses, and admissions, that the Asserted Claims are invalid under 35 U.S.C. § 102(g) as anticipated by Mr. Mark's prior invention.

86.     MarkForged intends to establish through evidence adduced at trial, including through expert witnesses, fact witnesses, and admissions, that Continuous Composites has not met its burden to come forward with evidence to prove that the Asserted Claims are entitled to the August 29, 2012 priority date of the U.S. Provisional Application No. 61/694,253.

87.     MarkForged intends to rebut Continuous Composites's allegation that the Asserted Claims are entitled to the August 29, 2012 priority date of U.S. Provisional Application No. 61/694,253.

88.     To the extent necessary, MarkForged intends to rebut any allegation by Continuous Composites that the Asserted Claims are entitled to a date of invention earlier than the August 24, 2013 filing date of U.S. Patent Application Serial No. 13/975,300.

89.     To the extent necessary, MarkForged intends to prove by clear and convincing evidence adduced at trial, including expert witnesses, fact witnesses, and admissions, that the references on which it intends to rely for anticipation are prior art under 35 U.S.C. § 102 to the '660 patent.

90.     MarkForged intends to prove by clear and convincing evidence adduced at trial, including expert witnesses, fact witnesses, and admissions, that the Asserted Claims are invalid under 35 U.S.C. § 103 as obvious over the prior art.

91.     To the extent necessary, MarkForged intends to prove by a preponderance of the evidence adduced at trial, including expert witnesses, fact witnesses, and admissions, that

Mr. Mark's prior invention is a simultaneous invention of the subject matter recited in claims 2 and 4 of the '660 patent and secondary evidence of their obviousness.

92.    To the extent necessary, MarkForged intends to prove by clear and convincing evidence adduced at trial, including expert witnesses, fact witnesses, and admissions, that the references on which it intends to rely for obviousness are prior art under 35 U.S.C. § 102 to the '660 patent.

93.    MarkForged intends to prove by clear and convincing evidence adduced at trial, including expert witnesses, fact witnesses, and admissions, that the Asserted Claims are invalid under 35 U.S.C. § 112 for failure to satisfy the written description and enablement requirements.

## 2.    Non-infringement

94.    MarkForged intends to establish through evidence adduced at trial, including expert witnesses, fact witnesses, and admissions, that Continuous Composites has not met its burden of establishing, by a preponderance of the evidence, that MarkForged infringes the Asserted Claims under: 1) a theory of direct infringement under 35 U.S.C. § 271(a), or 2) a theory of induced or contributory infringement under 35 U.S.C. § 271(b) and (c), respectively.

95.    MarkForged intends to rebut Continuous Composites's allegation that it has directly infringed the Asserted Claims under 35 U.S.C. § 271(a).

96.    Specifically, MarkForged intends to establish through evidence adduced at trial, including expert witnesses, fact witnesses, and admissions, that Continuous Composites has not met its burden of establishing by a preponderance of the evidence that MarkForged infringes the Asserted Claims by making, using, selling, offering for sale within the United States, or importing into the United States, the Accused Products.

97.    MarkForged also intends to rebut that it has induced or contributed to infringement of the Asserted Claims under 35 U.S.C. § 271(b) and (c).

98.     To the extent Continuous Composites attempts to prove that MarkForged induced infringement of the Asserted Claims, MarkForged intends to establish that Continuous Composites has not carried its burden of establishing by a preponderance of the evidence that MarkForged induces users of the Accused Products to directly infringe the Asserted Claims.

99.     To the extent Continuous Composites attempts to prove that MarkForged has contributorily infringed the Asserted Claims, MarkForged intends to establish that Continuous Composites has not met its burden of establishing by a preponderance of the evidence that MarkForged contributes to customers' and users' infringement of the Asserted Claims.

3.  **<u>Damages</u>**

100.     MarkForged intends to prove through evidence adduced at trial, including expert witnesses, fact witnesses, and admissions, that Continuous Composites is not entitled to damages of any amount, particularly because: 1) MarkForged does not infringe the Asserted Claims, and 2) the Asserted Claims are invalid.

101.     MarkForged also intends to establish that, to the extent MarkForged is found to infringe any Asserted Claim and such claim also is found to not be invalid, the amount Continuous Composites seeks in damages far exceeds what is reasonable in light of the facts.

102.     MarkForged intends to rebut Continuous Composites's allegation that it is entitled to an award of enhanced damages under 35 U.S.C. § 284 and/or an award of attorneys' fees under 35 U.S.C. § 285.

103.     MarkForged will show through evidence adduced at trial, including expert witnesses, fact witnesses, and admissions, that the present case is exceptional and that MarkForged is entitled to an award of attorneys' fees pursuant to 35 U.S.C. § 285 and to any further relief this Court deems just and proper.

4. **Injunctive Relief**[1]

104.     To the extent Continuous Composites seeks injunctive relief pursuant to 35 U.S.C. § 283 from the Court, MarkForged intends to establish through evidence adduced at trial, including expert witnesses, fact witnesses, and admissions, that Continuous Composites is not entitled to a permanent injunction.

## IX.    AMENDMENTS OF THE PLEADINGS

105.     Neither party intends to request an amendment to its pleadings at the present time.

## X.    CERTIFICATE OF GOOD-FAITH SETTLEMENT EFFORTS

106.     The parties hereby certify that they have engaged in a good-faith effort to explore resolution of the controversy by settlement. Counsel for the parties conferred in November 2022 regarding the prospects for settlement. The parties engaged in a mediation on October 18, 2023, and discussed the prospects for settlement. The parties have continued to confer following the mediation and have discussed the prospects for settlement on at least three occasions between November 2023 and February 2024.

## XI.    OTHER MATTERS

### A.  Trial Presentations

107.     The presentation at the jury trial will occur in the following order:

| Phase I | Continuous Composites' case-in-chief on infringement and damages relating to the '660 Patent |
|---|---|
| Phase II | MarkForged's responsive case, including its response on infringement and damages and MarkForged's case-in-chief on invalidity of the '660 Patent |
| Phase III | Continuous Composites' response on invalidity of the '660 Patent |

---

[1] MarkForged objects to Continuous Composites's inclusion of issues related to injunctive relief as issues of law to be litigated during the jury trial. MarkForged reserves the right to object to the introduction of evidence or testimony related to these issues at trial.

108.    Each side will use best efforts to give the other party at least twenty-four (24) hours' notice before concluding each of the Phases listed above.

**B. Length of Trial**

109.    The trial will be timed. The parties request [Continuous Composites proposal: ten (10)] [Markforged proposal: thirteen and a half (13.5)] **hours per side**. Unless otherwise noted, time will be charged to a party for its opening statement, direct and redirect examination of witnesses it calls, cross-examination of witnesses called by any other party, closing argument, its argument on any motions for judgment as a matter of law, and all sides' arguments on objections a party raises (outside the presence of the jury) to another party's exhibits and demonstrative exhibits.

110.    The Courtroom Deputy will keep a running total of trial time used by counsel. If a party uses all of its allotted trial time, the Court will terminate that party's trial presentation.

**C. Jurors**

111.    There shall be eight jurors. The Court will conduct jury selection through the "struck juror" method, beginning with the Court reading voir dire to the jury panel in the courtroom, continuing by meeting with jurors individually or at sidebar and then addressing any challenge for cause, and concluding with preemptory strikes. The parties will prepare juror notebooks to give out to the jurors at the beginning of trial. The juror notebooks shall include  (1) the Introduction to the Patent System Sample Patent to accompany The Patent Process: An Overview for Jurors, (2) Asserted Patent, (3) a glossary of common terms, and (4) witness sheets for note-taking that will include only a photo of a witness and that witness's title. Continuous Composites is responsible for putting these juror notebooks together. MarkForged will provide witness sheets for its witnesses. Continuous Composites will provide a draft of the juror notebooks by **March 20, 2024 at 5:00 PM.**  MarkForged will provide any edits by **March 21, 2024 at 5:00**

**PM**.  The parties will meet and confer on the juror notebooks by **March 22, 2024**.  The parties will identify any outstanding objections to the juror notebooks at the April 3, 2024 pretrial conference. The parties further request that the jurors be shown the video produced by the United States Courts, entitled "The Patent Process: An Overview for Jurors." This video is available at: https://www.youtube.com/watch?v=ax7QHQTbKQE.

### D. Motions for Judgment as a Matter of Law

112.    The parties propose that motions for judgment as a matter of law be made and argued during breaks when the jury is out of the courtroom or at the end of the day after the jury has been dismissed. The parties agree that such motions will be raised with the Court at the first break after the appropriate point during trial so that the Court may inform the parties when such motions will be heard and whether the Court wishes to receive briefing.

### E. Miscellaneous Stipulations

113.    Neither party will reference at trial a person's race, religion, national origin, sexual orientation, or sexual activities.

114.    By March 29, 2024, MarkForged will narrow the grounds of invalidity that it will present at trial. Thereafter, if the parties continue to have any disputes regarding the extent of MarkForged's invalidity case, then the parties will raise that issue at the April 3 pre-trial conference.

115.    On March 16, 2024, the parties agreed to supplement their damages reports to account for MarkForged's updated financial data through December 31, 2023.  The parties agreed that Mr. Schoettelkotte[2] would provide supplemental schedules or exhibits to his expert report by

---

[2] MarkForged objects to Mr. Schoettelkotte's updated Schedules 4.0, 5.0, 6.0, 7.0, 10.0, 11.0, and 12.0 because they disclose new methodologies in support of his reasonable royalty opinion.  The updated Schedules 4.0, 5.0, 6.0, 7.0, 10.0, 11.0, and 12.0 include a column accounting for data

Thursday, March 21, 2024, and Ms. Mulhern would provide supplemental schedules or exhibits to her expert report by Tuesday, March 26, 2024.  The parties agree that MarkForged may supplement its exhibit list (Schedule 4D to this Pretrial Order) to incorporate Ms. Mulhern's supplemental schedules and exhibits, once served.

### F.  Motions in Limine

116.    Continuous Composites' contested motions in limine, MarkForged's oppositions, and Continuous Composites' replies are attached as **Schedules 7Pa, 7Pb, and 7Pc**.

117.    MarkForged's contested motions in limine, Continuous Composites' oppositions, and MarkForged's replies are attached as **Schedules 7Da**, **7Db**, and **7Dc**.

### G.  Sealing Courtroom and Transcripts

118.    The parties request that the trial be open to the public and not sealed unless a party requests that a particularly sensitive portion be sealed and not open. If a party makes such a request, subject to the Court's approval, and for good cause shown, the courtroom will be cleared of those individuals not qualified under the Protective Order entered in this case, except that each party may include one corporate representative who is not a fact witness to remain in the courtroom throughout the entirety of the trial.

Transcripts of any sealed testimony, and exhibits entered while the courtroom is sealed, shall remain under seal until thirty (30) calendar days after the conclusion of the trial. The parties may designate, by page and line designations, the portions of the transcript they seek to remain under seal and the exhibits they seek to remain under seal, subject to Court approval.

---

from the period **2020**-2023.  Mr. Schoettelkotte's original Schedules 4.0, 5.0, 6.0, 7.0, 10.0, 11.0, and 12.0 relied on only data from the period **2021**-2022. Continuous Composites disagrees with MarkForged's characterizations and that Mr. Schoettelkotte's updated Schedules 4.0, 5.0, 6.0, 7.0, 10.0, 11.0, and 12.0 disclose a new methodology. Mr. Schoettelkotte's initial analysis covered data from 2020-2022 and Mr. Schoettelkotte updated his analysis to include 2023 data recently produced by the parties per the parties' agreement.

Dated:  March 25, 2024

| | |
|---|---|
| /s/ Kelly E. Farnan | /s/ Rodger D. Smith II |
| Kelly E. Farnan (#4395) | Jack B. Blumenfeld (#1014) |
| Griffin A. Schoenbaum (#6915) | Rodger D. Smith II (#3778) |
| RICHARDS, LAYTON & FINGER, P.A. | Travis J. Murray (#6882) |
| One Rodney Square | 1201 North Market Street |
| 920 N. King Street | P.O. Box 1347 |
| Wilmington, DE 19801 | Wilmington, DE 19899 |
| (302) 651-7700 | (302) 658-9200 |
| farnan@rlf.com | jblumenfeld@morrisnichols.com |
| schoenbaum@rlf.com | rsmith@morrisnichols.com |
| | tmurray@morrisnichols.com |

*Attorneys for Plaintiff*
CONTINUOUS COMPOSITES INC.

*Attorneys for Defendant*
MARKFORGED, INC.

OF COUNSEL:

OF COUNSEL:

William B. Dyer, III
Hala Mourad
Ryan Gentes
Richard Uberto
LEE & HAYES, P.C.
75 14th Street NE, Suite 2500
Atlanta, GA 30309
(404) 815-1900
bill.dyer@leehayes.com
ryan.gentes@leehayes.com
hala.mourad@leehayes.com
richard.uberto@leehayes.com

Jenevieve N. Nutovits
Grace Peace Truong
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
(212) 813-8800
JNutovits@goodwinlaw.com
GTruong@goodwinlaw.com

I. Neel Chatterjee
GOODWIN PROCTER LLP
601 Marshall Street
Redwood City, CA 94063
(650) 752-3100
NChatterjee@goodwinlaw.com

Caleb Hatch
Johanna Tomlinson
LEE & HAYES, P.C.
601 West Riverside Ave., Suite 1400
Spokane, WA 99201
(509) 324-9256
caleb.hatch@leehayes.com
johanna.tomlinson@leehayes.com

Calvin Wingfield Jr.
Jacqueline Genovese Bova
Amanda E. Stephenson
Jeremy Jones
Goodwin Procter LLP
1900 N Street N.W.
Washington, DC 20036
(202) 346-4000
CWingfield@goodwinlaw.com
JBova@goodwinlaw.com
AStephenson@goodwinlaw.com
jeremyjones@goodwinlaw.com

*Attorneys for Defendant MarkForged, Inc.*

Robert S. Shwarts
ORRICK, HERRINGTON &
SUTCLIFFE LLP
405 Howard Street
San Francisco, California 91105
(415) 773-5700
rshwarts@orrick.com

T. Vann Pearce, Jr.
Christopher Higgins
ORRICK, HERRINGTON &
SUTCLIFFE LLP
1152 15th Street, N.W.
Washington, D.C. 20005-1706
(202) 339-8400
vpearce@orrick.com
chiggins@orrick.com

IT IS HEREBY ORDERED, this day of _____, 2024, that this Final Pretrial

Order shall control the subsequent course of the action, unless modified by the Court to prevent

manifest injustice.

_____
Honorable Maryellen Noreika
U.S. District Court Judge