IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CONTINUOUS COMPOSITES, INC., a Delaware corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 21-998 (MN) |
| MARKFORGED, INC., a Delaware corporation, | ) ) ) | |
| Defendant. | ) | |

**PRELIMINARY JURY INSTRUCTIONS**

## TABLE OF CONTENTS

1.    INTRODUCTION ................................................................................................. 1

2.    DESCRIPTION OF THE CASE ........................................................................... 2

3.    UNITED STATES PATENTS ............................................................................... 3

4.    EVIDENCE............................................................................................................ 4

5.    DIRECT AND CIRCUMSTANTIAL EVIDENCE ............................................. 6

6.    BURDENS OF PROOF ........................................................................................ 7

7.    CREDIBILITY OF WITNESSES; WEIGHING CONFLICTING TESTIMONY ............ 9

8.    STIPULATIONS OF FACT ................................................................................ 10

9.    DEMONSTRATIVES ......................................................................................... 11

10.   DEPOSITION TESTIMONY ............................................................................. 12

11.   EXPERT TESTIMONY ...................................................................................... 13

13.   NOTE-TAKING .................................................................................................. 14

14.   SIDEBARS .......................................................................................................... 16

15.   CONDUCT OF THE JURY ................................................................................ 17

16.   COURSE OF THE TRIAL .................................................................................. 19

17.   TRIAL SCHEDULE ........................................................................................... 20

1.     **<u>INTRODUCTION</u>**

Now that you have been sworn, I have the following preliminary instructions for guidance on your role as jurors in this case.

These instructions are intended to introduce you to the case and the law that you will apply to the evidence that you will hear.  I will give you more detailed instructions on the law at the end of the trial.  Also, because this case involves patents, I will additionally give you some preliminary instructions regarding patents to assist you in discharging your duties as jurors.

You will hear the evidence, decide what the facts are, and then apply those facts to the law that I will give to you.  You and only you will be the judges of the facts.  I play no part in judging the facts.  You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be.  My role is to be the judge of the law.  I make whatever legal decisions have to be made during the course of the trial, and I will explain to you the legal principles that must guide you in your decisions.  You must follow that law whether you agree with it or not.  It is important that you perform your duties fairly.  Do not let any bias, sympathy, or prejudice influence your decision in any way.  Nothing I say or do during the trial is intended to indicate what your verdict should be.

2.     **<u>DESCRIPTION OF THE CASE</u>**

This is a civil action arising under the patent laws of the United States.  The parties in this case are Plaintiff Continuous Composites and Defendant MarkForged.

This case involves U.S. Patent No. 11,173,660, which is assigned to Continuous Composites.  This patent may be referred to by its last three numbers, or the '660 patent.  Continuous Composites alleges that MarkForged infringes claims 2 and 4 of the '660 patent.  These claims may be referred to as the "Asserted Claims."  MarkForged denies that it has infringed the Asserted Claims and also argues that the Asserted Claims are invalid.

**3.**     **UNITED STATES PATENTS**

As I just mentioned, this case is about patent law, which is an area unfamiliar to many people.  To help you understand what patents are and how they are obtained, you will now be shown a video produced by the Federal Judicial Center.  The video will run for approximately 17 minutes.  At the conclusion of the video, I will provide you with additional instructions.

4.    **EVIDENCE**

The evidence from which you are to find the facts consists of the following:

1.      The testimony of the witnesses;

2.      Documents and other things received as exhibits;

3.      Any facts that are stipulated--that is, formally agreed to by the parties; and

4.      Any facts that are judicially noticed--that is, facts I say you must accept as true even without other evidence.

The following things are not evidence:

1.      Statements, arguments, and questions of the lawyers for the parties in this case.

2.      Objections by lawyers.  Lawyers have an obligation to their clients to object when they believe that the testimony or exhibits being offered into evidence are not proper under the Rules of Evidence.  You should not be influenced by a lawyer's objection or by my ruling on the objection.  If I sustain or uphold the objection, you should ignore the question or exhibit.  If I overrule an objection and allow the matter into evidence, treat the testimony or document like any other evidence.  If I instruct you that some item of evidence is admitted for a limited purpose, you must follow that instruction and consider that evidence for that purpose only.  If this occurs during trial, I will try to clarify this for you at that time.

3.      Any testimony I tell you to disregard.

4.      Exhibits that are identified but not offered or received into evidence.

5.      Anything you may see or hear about this case outside the courtroom.

You must make your decision based only on the evidence that you see and hear in court. Do not let rumors, suspicions, or anything else that you may see or hear outside of court influence your decision in any way.

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

Also, certain testimony or other evidence may be ordered struck from the record and you will be instructed to disregard this evidence.  Do not consider any testimony or other evidence that gets struck or excluded.  Do not speculate about what a witness might have said or what an exhibit might have shown.

5.     __DIRECT AND CIRCUMSTANTIAL EVIDENCE__

There are two types of evidence that you may use in reaching your verdict:  direct and circumstantial.  Direct evidence is direct proof of a fact, such as testimony of an eyewitness.  Circumstantial evidence is proof of a fact or facts from which you may infer or conclude that other facts do or do not exist.  For example, the fact that it snowed overnight could be proven directly ("I saw it snow last night") or circumstantially ("When I went to sleep the grass was green, when I woke up there was a foot of snow on the ground").  Do not be concerned about whether evidence is "direct evidence" or "circumstantial evidence."  You should consider and weigh all of the evidence that is presented to you.  If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

6.      **BURDENS OF PROOF**

In any legal action, facts must be proven by a required standard of evidence, known as the "burden of proof."  In a case involving patents, two different burdens of proof are used.  The first is called "preponderance of the evidence."  The second is called "clear and convincing evidence."

Continuous Composites asserts that MarkForged infringes claims 2 and 4 the '660 patent. Continuous Composites has the burden of proving infringement by a preponderance of the evidence.  That means Continuous Composites has to prove to you, in light of all the evidence, that what it claims is more likely true than not.  To say it differently: if you were to put the evidence in support of Continuous Composites and the evidence weighing against Continuous Composites on opposite sides of the scales, the evidence supporting Continuous Composites would have to make the scales tip somewhat on its side.  If you find after considering all the evidence that a claim or fact is more likely so than not so, then the claim or fact has been proved by a preponderance of the evidence.

Continuous Composites also has the burden of proving that any patent infringement was willful by a preponderance of the evidence.  Continuous Composites also has the burden to establish the amount of damages it seeks by a preponderance of the evidence.

MarkForged asserts that the '660 patent is invalid.  MarkForged must prove by clear and convincing evidence that the '660 patent is invalid.  Clear and convincing evidence is evidence that produces in your mind a firm belief or conviction that the allegations sought to be proved by the evidence are highly probable.  Clear and convincing evidence is a higher burden of proof than the preponderance of the evidence standard.

You may have heard of the term "proof beyond a reasonable doubt."  That is a stricter standard of proof than either "preponderance of the evidence" or "clear and convincing evidence"

and it applies only to criminal cases.  It does not apply in civil cases such as this, so you should put it out of your mind.

7.    __CREDIBILITY OF WITNESSES; WEIGHING CONFLICTING TESTIMONY__

You are the sole judges of each witness's credibility. That is, it will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness's testimony to accept or reject. You should consider each witness's means of knowledge; strength of memory; opportunity to observe; how reasonable or unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been contradicted; the witness's biases, prejudices or interests; the witness's manner or demeanor on the witness stand; and all circumstances that, according to the evidence, could affect the credibility of the testimony. The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.

If you find testimony to be contradictory, you must try to reconcile it, if reasonably possible, so as to make one harmonious story of it all. But if you cannot do this, then it is your duty and privilege to believe the testimony that, in your judgment, is most believable and disregard any testimony that, in your judgment, is not believable.

This instruction applies to the testimony of all witnesses, including expert witnesses.

**8.**     **<u>STIPULATIONS OF FACT</u>**

The parties have stipulated that certain facts are true, and those stipulations may be read to you during this trial.  You must therefore treat these facts as having been proved for the purposes of this case.

**9.**     **DEMONSTRATIVES**

Certain charts and summaries may be shown to you in order to help explain the facts disclosed by the books, records, or other underlying evidence in the case.   Those charts or summaries are used for convenience.   They are not themselves evidence or proof of any facts.   If they do not correctly reflect the facts shown by the evidence in this case, you should disregard these charts and summaries and determine the facts from the documents, testimony, or other underlying evidence.

10.  **<u>DEPOSITION TESTIMONY</u>**

You may hear witnesses testify through deposition testimony.  A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath and swears to tell the truth, and lawyers for each party may ask questions.  A court reporter is present and records the questions and answers.  The deposition may also be recorded on videotape.  Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

11.   **<u>EXPERT TESTIMONY</u>**

Expert testimony is testimony from a person who has a special skill or knowledge in some science, profession, or business.  This skill or knowledge is not common to the average person but has been acquired by the expert through special study or experience.  In weighing expert testimony, you may consider the expert's qualifications, the reasons for the expert's opinions, and the reliability of the information supporting the expert's opinions, as well as the factors I have previously mentioned for weighing testimony of any other witness.  Expert testimony should receive whatever weight and credit you think appropriate, given all the other evidence in the case.

You are free to accept or reject the testimony of experts, just as with any other witness.

13.    **<u>NOTE-TAKING</u>**

You have each been provided with a notebook that contains the following:

- A copy of the '660 Patent;

- A listing of the Court's claim constructions;

- The Introduction to the Patent System Sample Patent that accompanies "The Patent Process: An Overview for Jurors";

- A glossary of common terms; and

- Witness sheets with pictures of the witnesses.

If you wish, you may, but are not required to, take notes during the presentation of evidence, the summations of attorneys at the conclusion of the evidence, and during my instructions to you on the law.  Notes may be helpful to you because at the end of the trial, you must make your decision based on what you recall of the evidence.  You will not have a written transcript to consult, and it may not be practical for the court reporter to read back lengthy testimony.  But do not let note-taking distract you to the point that you miss hearing other testimony from the witness.  Instead, as you listen to the testimony, keep in mind that you will be relying on your recollection of the testimony during your deliberations.

A word of caution is in order.  There is generally a tendency to attach undue importance to matters which one has written down.  Some testimony which is considered unimportant at the time presented, and thus not written down, takes on greater importance later in the trial in light of all the evidence presented.  Therefore, you are instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence.  Your notes are not evidence and are by no means a complete outline of the proceedings or a list of the highlights of the trial.  If you do take notes, please keep them to yourself until you and your fellow jurors go to

the jury room to decide this case.  Do not use your notes, or any other juror's notes, as authority to persuade fellow jurors.

During the trial, documents or other physical items may be received into evidence.  You will not be supplied with a list of exhibits that are received in evidence.  Therefore, you may wish to make notes about the exhibits, especially their description and number, so that you can refer to those exhibits while you are deliberating.  You will be given a copy of every admitted exhibit to take to the jury room to use during deliberations.

When we take our recess each day for the lunchtime break and when we take our recess each night, please take your notes to the jury room and leave your notes there.  Do not take your notes away from the court at any time.  No one will read your notes but you.  Your notes will be destroyed after the trial is over.

At the end of the trial, you must make your decision based on what you recall of the evidence.  You will not have a written transcript of the testimony to review.  So, above all, your memory will be your greatest asset when it comes time to deliberate and render a decision in this case.

14.   **<u>SIDEBARS</u>**

During the trial it may be necessary for me to talk with the lawyers outside of your hearing by having a bench conference.  That may mean that some of the lawyers and I go out into the hall for a few minutes so that we can talk, or that I excuse you.  If that happens, please be patient and understand that while you are waiting, the Court and the lawyers are working.

We are not trying to keep important information from you.  These conferences are necessary for me to fulfill my responsibility, which is to be sure that evidence is presented to you correctly under the law.

We will, of course, do what we can to keep the number and length of these conferences to a minimum.  If you would like to stand or stretch or walk around the jury box while we are at sidebar, you should feel free to do so.

I may not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

15.   **<u>CONDUCT OF THE JURY</u>**

Now, a few words about your conduct as jurors.

First, I instruct you that during the trial and until you have heard all of the evidence and retired to the jury room to deliberate, you are not to discuss the case with anyone or permit anyone to discuss it with you.  If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk with you, nor you with them.  In this way, any unwarranted and unnecessary suspicion about your fairness can be avoided.  If anyone should try to talk to you about the case, bring it to my attention promptly.

Second, do not read or listen to anything touching on this case in any way.  By that I mean that if there is a newspaper or internet article or television or radio report relating to this case, do not read the article or watch or listen to the report.

Third, do not try to do any research or investigate the case on your own.  Let me elaborate.  During the course of the trial, you must not conduct any independent research about the case, the matters in the case, the technology involved in the case, and the individuals or entities involved in the case.  In other words, you should not consult dictionaries or reference materials, search the internet, websites, blogs, or any other print, electronic, or any other means.  Again, should there happen to be a newspaper article or television or radio report relating to this case, do not read the article or watch or listen to the report.  It is important that you decide this case based solely on the evidence presented in the courtroom.  Please do not try to find out information from any other sources.

I know that many of you use cell phones, tablets, iPhones, iPads, the internet, and other tools of technology.  You also must not talk to anyone about this case or use these tools to communicate electronically with anyone about the case.  This includes your family and friends.  You may not communicate with anyone about the case on your cell phone, through e-mail, your

17

tablet or iPhone or iPad, text messaging, on Twitter or X, through any blog or website, through any Internet chat room, or by way of any other social networking web sites or services, including Instagram, TikTok, Facebook, Twitter or X, LinkedIn, WeChat, WhatsApp, Snapchat, and YouTube.

Finally, do not form any conclusion until all the evidence is in.  Keep an open mind until you start your deliberations at the end of the case.  I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision.

16.   **<u>COURSE OF THE TRIAL</u>**

The trial will now begin.

First, each side may make an opening statement.  An opening statement is not evidence but is simply an opportunity for the parties to explain what they intend to prove to help you follow the evidence that will be presented.

Next, the parties will present their evidence.  Continuous Composites will present its witnesses that supports its claims, and MarkForged may cross-examine them.  When Continuous Composites is finished, MarkForged will present evidence, and Continuous Composites may cross-examine any witnesses presented by MarkForged.  Finally, Continuous Composites may offer rebuttal witnesses to MarkForged's claims.

After the evidence has been presented, I will give you final instructions on the law that applies to the case and the attorneys will make closing arguments to summarize and interpret the evidence for you.  These closing arguments by the attorneys are not evidence.

You will then retire to the jury room to deliberate on your verdict.

17.    **<u>TRIAL SCHEDULE</u>**

Once trial begins this case is expected to take up to five days to try, between now and Friday, April 12.

The trial will normally begin each day at 9:00 A.M., and will go until 12:30 P.M., when there will be about a thirty- to forty-five minute break for lunch, before continuing until 4:30 or 4:45 P.M.  There will be a fifteen-minute break in the morning and another fifteen minute break in the afternoon.

What I have just outlined is the general schedule.  It is possible there will be some interruptions if I need to attend to other matters.

The only significant exception to this schedule may occur when the case is submitted to you for your deliberations.  At that point, you will be permitted to deliberate as late as you wish.

This is a timed trial.  That means that I have allocated each party a maximum number of hours in which to present all portions of its case.  This allows me to assure you that the case is expected to be completed by Friday.

Of course, you can help us stay on schedule by being here promptly each morning and being ready to proceed at the end of each break.