IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CONTINUOUS COMPOSITES, INC., a Delaware corporation, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 21-998 (MN) |
| MARKFORGED, INC., a Delaware corporation, | ) ) ) ) |
| Defendant. | ) |

## **VERDICT FORM**

## INSTRUCTIONS

In answering the following questions and filling out this Verdict Form, you are to follow all of the instructions I have given you in the Court's charge. Your answers to each question must be **unanimous**. Some of the questions contain legal terms that are defined and explained in the jury instructions. Please refer to the Jury Instructions if you are unsure about the meaning or usage of any legal term that appears in the questions below.

As used herein:

1. The '660 patent refers to United States Patent Number 11,173,660.

2. Continuous Composites refers to Plaintiff Continuous Composites, Inc.

3. MarkForged refers to Defendant MarkForged, Inc.

## INFRINGEMENT

**Question No. 1:** Did Continuous Composites prove by a preponderance of the evidence that MarkForged directly infringed claims 2 and 4 of the '660 patent?

                Yes                 No
  (for Continuous Composites)  (for MarkForged)

Claim 2     _____    ____✓____

Claim 4     ____✓____    _____

**Question No. 2:** Did Continuous Composites prove by a preponderance of the evidence that MarkForged indirectly infringed claims 2 and 4 of the '660 patent by inducing infringement?

                Yes                 No
  (for Continuous Composites)  (for MarkForged)

Claim 2     _____    ____✓____

Claim 4     ____✓____    _____

**Question No. 3:** Did Continuous Composites prove by a preponderance of the evidence that MarkForged indirectly infringed claims 2 and 4 of the '660 patent by contributing to infringement?

                Yes                 No
  (for Continuous Composites)  (for MarkForged)

Claim 2     _____    ____✓____

Claim 4     ____✓____    _____

# **INVALIDITY**

**Question No. 4:**  Did the evidence establish that the '660 Patent claims are entitled to the August 29, 2012 priority date of the provisional patent application?

|  | Yes<br>(for Continuous Composites) | No<br>(for MarkForged) |
|---|---|---|
| Claim 2 |  | ✓ |
| Claim 4 | ✓ |  |

*If you answered "Yes" for a claim in Question No. 4, please skip Question Nos. 5 and 6 for that claim, and continue with Question No. 7.*

*If you answered "No" for a claim in Question No. 4, please answer Question Nos. 5 and 6 for that claim, and then continue with Question No. 7.*

**Question No. 5:**  Did MarkForged prove by clear and convincing evidence that the asserted claims of the '660 patent are invalid because of prior invention?

|  | Yes<br>(for MarkForged) | No<br>(for Continuous Composites) |
|---|---|---|
| Claim 2 |  | ✓ |
| Claim 4 |  |  |

**Question No. 6:** Did MarkForged prove by clear and convincing evidence that the asserted claims of the '660 patent are invalid because of prior public use?

        Yes                           No
(for MarkForged)     (for Continuous Composites)

Claim 2     _____      ✓

Claim 4     _____      _____

**Question No. 7:** Did MarkForged prove by clear and convincing evidence that the asserted claims of the '660 patent are invalid because of obviousness?

        Yes                           No
(for MarkForged)     (for Continuous Composites)

Claim 2     _____      ✓

Claim 4     _____      ✓

**Question No. 8:** Did MarkForged prove by clear and convincing evidence that the asserted claims of the '660 patent are invalid because they lack written description support?

        Yes                           No
(for MarkForged)     (for Continuous Composites)

Claim 2      ✓      _____

Claim 4     _____      ✓

## DAMAGES

*Answer this question only if you find that at least one of the claims of the '660 patent is infringed and not invalid. Otherwise, skip to the end of the Verdict Form.*

**Question No. 9:**   What amount of reasonable royalty has Continuous Composites proven by a preponderance of the evidence it is entitled to recover?

$ 17,341,310.00

## **UNANIMOUS VERDICT**

*Upon reaching a unanimous verdict on each question above, each juror must sign below, and the foreperson should add the date.*

We, the jury, unanimously agree to the answers to the above questions and return them under the instruction of this Court as our verdict in this case.

Dated: 4/11/24

